# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TREVOR MILLER, <br><br> Plaintiff, <br><br> v. <br><br> WARREN HOSPITAL, IPA, P.A. AND CHRISTOPHER MANN M.D., <br><br> Defendants. | CIVIL ACTION <br><br> No. 5:15-cv-03357 |

## **ORDER**

**AND NOW**, this_____ day of _____, 2015, upon consideration of the Motion to Dismiss of Defendant, Warren Hospital, IPA, P.A., it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**.

**BY THE COURT:**

_____
Leeson, U.S.D.J.

15812338v.1

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TREVOR MILLER, <br><br> Plaintiff, <br><br> v. <br><br> WARREN HOSPITAL, IPA, P.A. AND CHRISTOPHER MANN M.D., <br><br> Defendants. | CIVIL ACTION <br><br> No. 5:15-cv-03357 |

## **ALTERNATIVE ORDER**

**AND NOW**, this_____ day of _____, 2015, upon consideration of the Motion to Transfer of Defendant, Warren Hospital, IPA, P.A., it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**.

**IT IS FURTHER ORDERED THAT:**

This matter is hereby transferred to the United States District Court for the District of New Jersey for such further proceedings in that Court as might be necessary. The Clerk of Court is directed to (1) transfer the file for Case No. 5:15-cv-03357 to the United States District Court for the District of New Jersey, and (2) deem this matter closed.

**BY THE COURT:**

_____
Leeson, U.S.D.J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TREVOR MILLER, <br><br> Plaintiff, <br><br> v. <br><br> WARREN HOSPITAL, IPA, P.A. AND CHRISTOPHER MANN M.D., <br><br> Defendants. | CIVIL ACTION <br><br> No. 5:15-cv-03357 |

**DEFENDANT WARREN HOSPITAL'S MOTION TO DISMISS,
OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

Defendant, Warren Hospital, IPA, P.A. ("Moving Defendant"), by and through its attorneys, White and Williams LLP, hereby moves this Honorable Court to dismiss Plaintiff's Complaint on the basis of improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3). In the alternative, pursuant to 28 U.S.C. §1406(a) and 28 U.S.C. §1391(a), Moving Defendant moves to transfer this case to the United States District Court for the District of New Jersey, where both defendants reside and where the events at issue occurred. In support of its motion, Moving Defendant avers as follows:

1. Plaintiff, Trevor Miller, commenced this medical malpractice action on June 15, 2015, by filing a Complaint in the United States ("U.S.") District Court for the Eastern District of Pennsylvania.

2. Plaintiff's Complaint generally alleges negligence on the part of defendants, Warren Hospital (hereinafter "Moving Defendant"), and Christopher Mann, M.D., in the care

and treatment of Plaintiff and Plaintiff's mother, Susan Miller, at the time of Plaintiff's birth on June 16, 1995. See Complaint, attached hereto as Exh. A.

3. More specifically, Plaintiff contends that, despite knowing that Ms. Miller had Group B Streptococcus ("Group B Strep") and meconium in her waters, defendants negligently delivered Trevor Miller vaginally and did not treat Trevor Miller or Susan Miller with antibiotics. Id. at ¶¶21-22.

4. According to the Complaint, Trevor Miller was diagnosed with Group B Strep within hours of his delivery. Id. at ¶23.

5. Plaintiff contends that as a result of Susan Miller's vaginal delivery, Plaintiff developed hydrocephalus. Id. at ¶27.

6. Plaintiff contends he has undergone repeated treatment for hydrocephalus during the past twenty years, and the hydrocephalus has caused him cognitive and physical losses. Id. at ¶28.

7. Plaintiff did not attain the age of majority until June 16, 2013; therefore, according to Plaintiff's own Complaint, Plaintiff had until June 16, 2015 to file this action "under the law of New Jersey." Id. at ¶10.

**Dismissal of Case for Improper Venue**

8. This action has been brought in the U.S. District Court for the Eastern District of Pennsylvania based on the diversity of citizenship of the parties, as provided in 28 U.S.C. §1332.

9. The federal courts indeed have subject matter jurisdiction over this matter because there is complete diversity of the parties; specifically, defendants, Warren Hospital and Dr. Mann, are both residents of the state of New Jersey, and Plaintiff is a resident of the state of Pennsylvania.

10. However, pursuant to 28 U.S.C. §1391(a), the U.S. District Court for the Eastern District of Pennsylvania is not a proper venue for this federal jurisdiction action based on diversity.

11. Federal Rule of Civil Procedure 12(b)(3) authorizes dismissal of a case when venue is improper. See F.R.C.P. 12(b)(3).

12. Additionally, under 28 U.S.C. §1406(a) if a claim is brought in a district in which venue is improper, that claim may be dismissed. See 28 U.S.C. §1406(a).

13. Pursuant to 28 U.S.C. §1391(a), in a case where federal jurisdiction is based on diversity, such as this one, venue is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought.* 28 U.S.C. §1391(a) (emphasis added).

14. Importantly, none of the §1391(a) provisions authorize venue for this case in the Eastern District of Pennsylvania.

15. The only alleged connection this matter has to Pennsylvania is that Plaintiff resides in Pennsylvania, which is not a proper basis for venue.

16. Accordingly, Moving Defendant requests that this Honorable Court dismiss Plaintiff's Complaint on the basis of improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3).

15812338v.1

### Transfer of Case for Improper Venue

17. Alternatively, pursuant to 28 U.S.C. §1406(a) and 28 U.S.C. §1391(a), Moving Defendant requests that this Honorable Court transfer this case to the appropriate venue of the U.S. District Court for the District of New Jersey.

18. Pursuant to 28 U.S.C. §1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall … transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a).

19. In determining whether there exists a district in which the action could have been brought, courts look to 28 U.S.C. §1391(a) to determine where venue would be proper. See e.g., Loeb v. Bank of America; see also Tucker v. Interscope Records, Inc.

20. Here, pursuant to 28 U.S.C. §1391(a), an adequate alternative forum exists in the U.S. District Court for the District of New Jersey.

21. Venue in the District of New Jersey is appropriate under §1391(a)(1) because both defendants, Warren Hospital and Dr. Mann, reside in New Jersey.

22. Venue in the District of New Jersey is also appropriate under §1391(a)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Warren Hospital, which is located in the District of New Jersey.

23. Accordingly, because the Eastern District of Pennsylvania is an improper venue for this action, pursuant to 28 U.S.C. §1406(a) this Honorable Court should transfer venue to the District of New Jersey, where venue is proper.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: s/ Kevin C. Cottone
    s/ Sarah E. Bailey_____
    Kevin C. Cottone, Esquire

                                              Sarah E. Bailey, Esquire
PA Identification Nos. 72775/ 319980
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
Phone: 215.864.7108/ 215.864.7186
cottonek@whiteandwilliams.com
baileys@whiteandwilliams.com
*Attorneys for Defendant,*
*Warren Hospital, IPA, P.A.*

Dated: August 20, 2015

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TREVOR MILLER,<br><br>                    Plaintiff,<br><br>    v.<br><br>WARREN HOSPITAL, IPA, P.A. AND<br>CHRISTOPHER MANN M.D.,<br><br>                    Defendants. | CIVIL ACTION<br><br>No. 5:15-cv-03357 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT WARREN HOSPITAL'S MOTION TO DISMISS,
OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

**I.    PRELIMINARY STATEMENT**

Plaintiff, Trevor Miller, commenced this medical malpractice action on June 15, 2015, by filing a Complaint in the United States ("U.S.") District Court for the Eastern District of Pennsylvania. Plaintiff's Complaint alleges negligence on the part of defendants, Warren Hospital (hereinafter "Moving Defendant"), and Christopher Mann, M.D., in the care and treatment of Plaintiff and Plaintiff's mother, Susan Miller, at the time of Plaintiff's birth on June 16, 1995.

According to Plaintiff's Complaint, this action has been brought in the U.S. District Court for the Eastern District of Pennsylvania based on the diversity of citizenship of the parties, as provided in 28 U.S.C. §1332. The federal courts indeed have subject matter jurisdiction over this matter because there is complete diversity of the parties; specifically, defendants, Warren Hospital and Dr. Mann, are both residents of the state of New Jersey, and Plaintiff is a resident of the state of Pennsylvania. However, as detailed below, pursuant to 28 U.S.C. §1391(a), the U.S.

District Court for the Eastern District of Pennsylvania is not a proper venue for this federal jurisdiction action based on diversity.

Accordingly, Moving Defendant requests that this Honorable Court dismiss Plaintiff's Complaint on the basis of improper venue. Alternatively, Moving Defendant requests that this Honorable Court transfer this case to the appropriate venue of the U.S. District Court for the District of New Jersey, where both defendants reside, and where the events at issue occurred.

## II. STATEMENT OF FACTS

### A. Factual Background and Summary of Plaintiff's Claims

Plaintiff, Trevor Miller, commenced this medical malpractice action on June 15, 2015, by filing a Complaint in the U.S. District Court for the Eastern District of Pennsylvania. The Complaint states that Plaintiff did not attain the age of majority until June 16, 2013; therefore, according to Plaintiff's own Complaint, Plaintiff had until June 16, 2015 to file this action "under the law of New Jersey." See Complaint, attached hereto at Exh.A, at ¶10.

Plaintiff's Complaint asserts two counts: (1) negligence of Warren Hospital, and (2) negligence of Christopher Mann, M.D. Specifically, Plaintiff alleges negligence on the part of defendants, Warren Hospital ("Moving Defendant") and Christopher Mann, M.D., in the care and treatment of Plaintiff and his mother, Susan Miller, at the time of Plaintiff's birth on June 16, 1995. According to the Complaint, during Ms. Miller's labor, defendants obtained a vaginal smear and determined that Ms. Miller had Group B Streptococcus ("Group B Strep") and meconium in her waters. Id. at ¶¶15-16. Plaintiff contends that, despite the presence of infection, defendants negligently delivered Trevor Miller vaginally and did not treat Trevor Miller or Susan Miller with antibiotics. Id. at ¶¶21-22. According to the Complaint, Trevor Miller was diagnosed with Group B Strep within hours of his delivery. Id. at ¶23.

Plaintiff contends that as a result of Susan Miller's vaginal delivery, despite the presence of Group B Strep and meconium in her waters, Plaintiff developed hydrocephalus. Id. at ¶27. Plaintiff asserts he has undergone repeated treatment for hydrocephalus during the past twenty years, and the hydrocephalus has caused him cognitive and physical losses. Id. at ¶28. Plaintiff's alleged injuries include placement of a "shunt" from his brain to his abdominal cavity which remains in place to date, as well as physical pain, inability to do recreational activities, frequent headaches, emotional distress, academic problems, difficulty concentrating in school, and loss of earning capacity. Id. at ¶¶30-32.

### B. Procedural Background

This action was filed in the U.S. District Court for the Eastern District of Pennsylvania based on the diversity of citizenship of the parties. See Complaint at ¶7. Plaintiff, Trevor Miller, is a resident of Pennsylvania. Id. at ¶1. Moving Defendant, Warren Hospital, is a resident of New Jersey. Id. at ¶2. Co-defendant, Dr. Mann, is a resident of New Jersey. Id. at ¶3.[1] Accordingly, there is complete diversity of citizenship of the parties.

As detailed below, while the federal courts have jurisdiction over this matter, the Eastern District of Pennsylvania is an improper venue for this action because defendants reside in New Jersey and because the events at issue occurred in New Jersey. Accordingly, Moving Defendant now moves to dismiss this action based on improper venue, or alternatively moves to transfer this action to the proper venue of the U.S. District Court for the District of New Jersey.

---

[1] Although Plaintiff's Complaint only provides Dr. Mann's current New Jersey business address and states that he was an obstetrician at Warren Hospital in New Jersey during the time at issue, it has been confirmed that Dr. Mann's state of residence (domicile) is New Jersey.

## III. QUESTIONS PRESENTED

1. Whether this Court should dismiss Plaintiff's Complaint, where Plaintiff has filed this action in an improper venue?

*Suggested Answer*: Yes.

2. If this Court declines to entirely dismiss Plaintiff's Complaint, should this Court transfer this matter to the U.S. District Court for the District of New Jersey, where both defendants reside, and where the events at issue occurred?

*Suggested Answer*: Yes.

## IV. LEGAL ARGUMENT

### A. Moving Defendant Seeks Dismissal for Improper Venue

Federal Rule of Civil Procedure 12(b)(3) authorizes dismissal of a case when venue is improper. See F.R.C.P. 12(b)(3). Additionally, under 28 U.S.C. §1406(a) if a claim is brought in a district in which venue is improper, that claim may be dismissed. See 28 U.S.C. §1406(a).

In a case where federal jurisdiction is based on diversity, such as this one, venue is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*.

28 U.S.C. §1391(a) (emphasis added).

In the instant matter, Plaintiff erroneously contends that venue in the Eastern District of Pennsylvania is proper. The only alleged connection this matter has to Pennsylvania is that Plaintiff resides in Pennsylvania, which is not a proper basis for venue. The Complaint confusingly asserts that "[j]urisdiction is proper in the U.S. District of New Jersey because

Plaintiff is a resident of Pennsylvania, Warren Hospital is a citizen of New Jersey and Dr. Mann was a physician at Warren Hospital at the time of the relevant treatment." See Complaint at ¶8. This case was filed in the U.S. District Court for the Eastern District of Pennsylvania; therefore there is a disconnect between where Plaintiff filed this action, and where Plaintiff's Complaint contends jurisdiction is proper. Similarly confusing is Plaintiff's contention that "[v]enue is proper because Trevor Miller is a resident of Easton, Pennsylvania, which is located within the Eastern District of Pennsylvania." Id. at ¶9. Pursuant to 28 U.S.C. §1391(a), Plaintiff's state of residence does not factor into the determination of proper venue.

Importantly, none of the §1391(a) provisions authorize venue for this case in the Eastern District of Pennsylvania. First, venue is inappropriate under §1391(a)(1) because neither defendant resides in Pennsylvania. Dr. Mann, an individual, is a resident of New Jersey. For purposes of determining venue, an individual's residence is where he has his domicile or permanent home. See Henshell Corp. v. Childerston, 1999 WL 5449027 (E.D.Pa. 1999). The federal diversity jurisdiction statute is instructive with regard to determining the state of residence of a corporation, such as Warren Hospital. In pertinent part, the statute provides, "a corporation shall be deemed to be a citizen of any [s]tate by which it has been incorporated, and of the [s]tate where it has its principal place of business." 28 U.S.C. §1332(c)(1). The "principal place of business" refers to where the corporation's officers direct and coordinate the corporation's activities. See Hertz Corp. v. Friend, 130 S.Ct. 1181, 1186 (2010). Accordingly, Warren Hospital is a resident of New Jersey for venue purposes, because its principal place of business is in New Jersey, and its state of incorporation is New Jersey.

Second, §1391(a)(2) does not provide a basis for venue in the Eastern District of Pennsylvania because a substantial part of the events or omissions giving rise to Plaintiff's claim

-5-

15812338v.1

did not occur in this district. Rather, Plaintiff's allegations pertain to events surrounding Susan Miller's labor and delivery of Plaintiff at Warren Hospital, which is located in the U.S. District Court for the District of New Jersey.

Finally, §1391(a)(3) does not provide a basis for venue in the Eastern District of Pennsylvania because there is a judicial district in which this action could have been brought, namely the U.S. District Court for the District of New Jersey.

For the reasons stated above, the U.S. District Court for the Eastern District of Pennsylvania is an improper venue for this action. Accordingly, this Court should dismiss this action for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3).

### B. Alternatively, Moving Defendant Seeks Transfer of Venue

Alternatively, because venue is proper in the U.S. District Court for the District of New Jersey, this case should be transferred there, pursuant to 28 U.S.C. §1406(a).

Title 28 of the United States Code §1406(a) provides in pertinent part, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall … transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). In determining whether there exists a district in which the action could have been brought, courts look to 28 U.S.C. §1391(a) to determine where venue would be proper. See e.g., Loeb v. Bank of America, 254 F.Supp.2d 581, 587-588 (E.D.Pa. 2003) (granting defendants' motion to transfer venue where the District of Maryland, rather than the Eastern District of Pennsylvania, was proper venue for the action); see also Tucker v. Interscope Records, Inc., 1999 WL 80363, at *3 (E.D.Pa. 1999) (granting defendants' motion to transfer venue to the proper venue of the Central District of California, where venue in the Eastern District of Pennsylvania was improper).

15812338v.1

Here, pursuant to 28 U.S.C. §1391(a), an adequate alternative forum exists in the U.S. District Court for the District of New Jersey. Specifically, venue in the District of New Jersey is appropriate under §1391(a)(1) because both defendants, Warren Hospital and Dr. Mann, reside in New Jersey. The District of New Jersey is the only judicial district in New Jersey, so therefore that is the appropriate judicial district for any New Jersey residents. Additionally, venue in the District of New Jersey is appropriate under §1391(a)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred at Warren Hospital, which is located in the District of New Jersey. Notably, the catchall subsection 28 U.S.C. §1391(a)(3) is inapplicable to this action, because venue in the U.S. District Court for the District of New Jersey is appropriate under both subsections (1) and (2).

Accordingly, because the Eastern District of Pennsylvania is an improper venue for this action, pursuant to 28 U.S.C. §1406(a) this Honorable Court should transfer venue to the District of New Jersey where venue is proper.

## V.   CONCLUSION

For the foregoing reasons, Moving Defendant requests that this Honorable Court dismiss Plaintiff's Complaint on the basis of improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3). In the alternative, pursuant to 28 U.S.C. §1406(a) and 28 U.S.C. §1391(a), Moving Defendant requests that this Honorable Court transfer this case to the appropriate venue of the U.S. District Court for the District of New Jersey, where both defendants reside, and where the events at issue occurred.

Respectfully submitted,<br>
**WHITE AND WILLIAMS LLP**

By:   s/ Kevin C. Cottone
      s/ Sarah E. Bailey
      Kevin C. Cottone, Esquire

                                          Sarah E. Bailey, Esquire
                                          PA Identification Nos. 72775/ 319980
                                          1650 Market Street
                                          One Liberty Place, Suite 1800
                                          Philadelphia, PA 19103-7395
                                          Phone: 215.864.7108/ 215.864.7186
                                          cottonek@whiteandwilliams.com
                                          baileys@whiteandwilliams.com
                                          *Attorneys for Defendant,*
                                          *Warren Hospital, IPA, P.A.*

Dated: August 20, 2015

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TREVOR MILLER, <br><br> Plaintiff, <br><br> v. <br><br> WARREN HOSPITAL, IPA, P.A. AND CHRISTOPHER MANN M.D., <br><br> Defendants. | CIVIL ACTION <br><br> No. 5:15-cv-03357 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Warren Hospital IPA, P.A.'s Motion to Dismiss Plaintiff's Complaint, or in the alternative Motion to Transfer, has been served through the Court's ECF filing system (and is available for viewing and downloading on the ECF system), and that copies have been mailed via First Class Mail to the following parties:

Clifford E. Haines, Esquire
Jacob Ginsburg, Esquire
Haines & Associates
The Widener Building
5th Floor
1339 Chestnut Street
Philadelphia, PA 19107
*Attorneys for Plaintiff*

Christopher Mann, M.D.
700 Coventry Dr.
Phillipsburg, NJ 08865
*Defendant*

**WHITE AND WILLIAMS LLP**

By: s/ Kevin C. Cottone
s/ Sarah E. Bailey
Kevin C. Cottone, Esquire
Sarah E. Bailey, Esquire
PA Identification Nos. 72775/ 319980
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
Phone: 215.864.7108/ 215.864.7186

15812338v.1

                                                                         cottonek@whiteandwilliams.com
baileys@whiteandwilliams.com
*Attorneys for Defendant,*
*Warren Hospital, IPA, P.A.*

Dated: August 20, 2015

15812338v.1