UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Trevor Miller,

   *Plaintiff,*

vs.

Warren Hospital, IPA, P.A. and Christopher Mann M.D.,

   *Defendants.*

Civil Action No. 5:15-cv-3357

JURY TRIAL DEMANDED

## AMENDED COMPLAINT

This is a medical malpractice action brought by Plaintiff, Trevor Miller, alleging one or more negligent acts on the part of a hospital, its employees and agents, and a doctor. At the time of his birth in 1995, Trevor Miller's mother, Susan Miller, was suffering from an infectious disease which could –and did – affect her infant child at the time of his birth. That disease transmission is, and at the time was recognized to be, directly associated with a vaginal delivery and warrants the alternative delivery process recognized as Cesarean Section. Warren Hospital through its employees and doctors, knew, or should have known of Susan Miller's condition before the delivery of her child. Warren Hospital and Dr. Christopher Mann M.D. failed to take those steps necessary to prevent transmission of the disease to Trevor Miller. As a direct result of their negligence, Trevor Miller developed an infectious condition which has led to hydrocephalus. Trevor Miller's condition has continued for twenty years and has resulted in losses and harm, which are described in greater detail below.

## PARTIES

1. Plaintiff, Trevor Miller, is an adult individual and Citizen of the Commonwealth of Pennsylvania, who presently resides at 1922 Vintage Drive, Easton, PA 18045.

2. Defendant Warren Hospital IPA, P.A. ("Warren Hospital") is a health care facility and professional association, organized and existing under the laws of the State of New Jersey. Warren Hospital is, and was at all relevant times, located at 185 Roseberry Street, Phillipsburg, N.J. 08865.

3. Defendant, Christopher Mann M.D., is an individual and natural person who was licensed to practice medicine in the State of New Jersey at the time that he treated Trevor and Susan Miller. At the time of Susan Miller's delivery and Trevor Miller's birth, Dr. Mann operated as an obstetrician and gynecologist at Warren Hospital. Upon information and belief, Dr. Mann currently maintains a primary residence in the State of New Jersey.

4. At all relevant times, Defendant, Warren Hospital acted by and through its agents, servants and employees, to include ostensible agents and persons under the control of Warren Hospital, whose relationship was/or may not have been not disclosed to Plaintiff.

5. At all times relevant here to Defendant, Dr. Christopher Mann was acting by and through agents, servants, employees and ostensible agents subject to his direction and control.

6. This is a professional negligence action brought against a hospital and physician.

## JURISDICTION AND VENUE

7. This action is brought in this Court based on the diversity of citizenship of the parties as provided for in 28 U.S.C. § 1332.

8. Jurisdiction is proper in the U.S. District Court for the Eastern District of Pennsylvania because Plaintiff is a resident of Pennsylvania and both Warren Hospital and Dr. Mann are both citizens of domiciliaries of New Jersey.

2

9. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to the claim occurred in this District.

10. Plaintiff's original Complaint was timely filed on June 15, 2015. The date of filing was within two years from the date on which Trevor Miller reached majority age.

## FACTS

11. In or about October of 1994, Susan Miller, mother of Trevor Miller, saw Defendant Mann, who determined that she was pregnant.

12. Over the course of the next nine (9) months, Susan Miller was seen for routine prenatal checkups and care by Dr. Mann and/or other physicians in his medical group.

13. On or about June 16, 1995, Susan Miller's water broke at approximately 3:00 a.m., Susan Miller was taken to Warren Hospital.

14. Susan Miller was in labor for approximately fifteen (15) hours.

15. At the outset of her labor and in accordance with the policy of Warren Hospital, a vaginal smear was obtained for the purpose of ascertaining whether or not Susan Miller was suffering from Group B Streptococcus ("Group B Strep") and whether there was meconium in her waters.

16. From the vaginal smear during her labor, it was determined that Susan Miller had Group B Strep, and had meconium in her waters.

17. It was well known at the time that the discovery of Meconium in a delivering mother's waters is a sign of risk for vaginal delivery and that infants, are highly susceptible to the transmission of Group B Strep infection as they traverse the vaginal canal during delivery.

3

18. It was the standard of care for any mother diagnosed with Group B Strep to undergo a period of prophylactic intravenous antibiotics and/or a caesarian section so as to prevent the transmission of Group B Strep to the child.

19. Group B. Step, in a neonate can result in catastrophic harm to him or her, including but not limited to hydrocephalus.

20. Hydrocephalus is a condition of unwanted fluid on the brain which can cause numerous side severe symptoms, including brain damage, cognitive impairments, and even death.

21. Despite the presence of infection, at the direction of Defendants, Trevor Miller was delivered vaginally and was not treated with any antibiotics.

22. Dr. Mann and Warren Hospital were negligent in their decisions to deliver Trevor Miller vaginally and not to treat Susan Miller with antibiotics.

23. Within hours of his delivery, Trevor Miller was diagnosed with Group B Strep.

24. A nurse at Warren Hospital looked at Trevor Miller and said that Trevor might need to go the nursery because he was a "Group B Strep baby."

25. Subsequent to this observation by the Warren Hospital nurse, Trevor Miller was visited by a pediatric doctor and nursing staff, who recommended that Trevor Miller be transferred to another hospital for further treatment.

26. Trevor Miller was then transferred to Easton Hospital for the purposes of confirmatory diagnosis and treatment of his condition.

27. As a result of being vaginally delivered despite Susan Miller's Group B Strep, Trevor Miller developed hydrocephalus; a condition which cause the retention of water on the brain.

4

28. For twenty years, Trevor Miller has undergone repeated treatment for hydrocephalus and has developed cognitive and physical losses as a result of the hydrocephalus.

29. During both his fourth grade and 11th grade academic years, Trevor Miller was required to miss more than a month of school, in order to receive surgery and neurological care.

30. Defendants' negligence and Trevor Miller's resulting hydrocephalus has caused Mr. Miller physical pain, including frequent headaches, emotional distress, academic problems, difficulty concentrating in school, and a loss of earning capacity.

31. In addition, Trevor Miller's hydrocephalus was treated with the placement of a "shunt", running from his brain to his abdominal cavity, which remains in place to date.

32. Trevor Miller's hydrocephalus and his shunt prevented him from playing organized sports and from doing other recreational activities, such as dancing.

33. As a direct and proximate result of the negligence of Defendants Warren Hospital and Dr. Mann, Trevor Miller has suffered financial, physical and emotional harm.

## COUNT I
## NEGLIGENCE OF CHRISTOPHER MANN, M.D.

40. Plaintiff incorporates all preceding paragraphs by reference, as though fully set forth herein.

41. As a direct and proximate result of the negligence, carelessness and misconduct of Christopher Mann M.D, Trevor Miller has suffered injuries and losses. Defendant's negligence includes, but is not limited to:

> a) Failure to properly diagnose Susan Miller's condition at the time of Trevor Miller's birth;
>
> b) Failure to properly treat Susan Miller's condition at the time of Trevor Miller's birth;

5

c)   Failure to properly interpret tissue samples taken from Susan Miller at the time of Trevor Miller's birth;

d)   Failure to enact policies and procedures to protect unborn viable infants from contracting Group B. Strep;

e)   Failure to follow policies and procedures regarding the diagnosis and treatment of Group B Strep in mothers who are in labor and about to deliver;

f)   Failure to take steps necessary to insure that group b Strep was properly treated;

g)   Failure to protect Trevor Miller from developing Group B Strep; and

h)   Failure to take prompt and adequate steps to treat Trevor Miller.

42.   Dr. Mann's negligence, carelessness and misconduct increased the harm that Trevor Miller would develop Group B Strep and suffer the harm attributable to that disease.

43.   As a direct and proximate result of the negligence and carelessness of Dr. Mann, Trevor Miller has suffered injury to the tissue, bones, nerves, circulatory system and fluid development and circulation systems to include the development of Group B. Strep all of which have led to loss of earning capacity, academic and cognitive disability, lost ability to pursue vocational and avocational interests, damage to an otherwise healthy body and the loss of life's pleasures.

44.   All of Plaintiff's damages are permanent and incapable of correction.

45.   As a direct and proximate result of the negligence and carelessness of Dr. Mann, Plaintiff, Trevor Miller does and will in the future require medical care, treatment, hospitalization, surgical procedures and such other medical needs associated with his *hydrocephalus*.

WHEREFORE, Plaintiff seeks an award of money damages in excess of $150,000.00 together with such additional awards and damages that are appropriate based on the evidence developed during discover together with costs, interest and attorney fees where authorized by law.

## COUNT II
## NEGLIGENCE OF WARREN HOSPITAL

34. Plaintiff incorporates all preceding paragraphs by reference, as though fully set forth herein.

35. As a direct and proximate result of the negligence, carelessness and misconduct of Warren Hospital, Trevor Miller has suffered injuries and losses. Warren Hospital's negligence includes, but is not limited to:

   a) Failure to properly diagnose Susan Miller's condition at the time of Trevor Miller's birth;

   b) Failure to properly treat Susan Miller's condition at the time of Trevor Miller's birth;

   c) Failure to properly interpret tissue samples taken from Susan Miller at the time of Trevor Miller's birth;

   d) Failure to enact policies and procedures to protect unborn viable infants from contracting Group B. Strep;

   e) Failure to follow policies and procedures regarding the diagnosis and treatment of Group B Strep in mothers who are in labor and about to deliver;

   f) Failure to take steps necessary to insure that group b Strep was properly treated;

   g) Failure to protect Trevor Miller from developing Group b. Strep; and

   h) Failure to take prompt and adequate steps to treat Trevor Miller.

36. Warren Hospital's negligence, carelessness and misconduct increased the harm that Trevor Miller would develop Group B Strep and suffer the harm attributable to that disease.

37. As a direct and proximate result of the negligence and carelessness of Warren Hospital, Trevor Miller has suffered injury to the tissue, bones, nerves, circulatory system and fluid development and circulation systems to include the development of Group B. Strep all of which have led to loss of earning capacity, academic and cognitive disability, lost ability to pursue vocational and avocational interests, damage to an otherwise healthy body and the loss of life's pleasures.

38. All of Plaintiff's damages are permanent and incapable of correction.

39. As a direct and proximate result of the negligence and carelessness of Warren Hospital, Plaintiff, Trevor Miller does and will in the future require medical care, treatment, hospitalization, surgical procedures and such other medical needs associated with his hydrocephalus.

WHEREFORE, Plaintiff seeks an award of money damages in excess of $150,000.00 together with such additional awards and damages that are appropriate based on the evidence developed during discover together with costs, interest and attorney fees where authorized by law.

**COUNT III**
**VICARIOUS LIABILITY OF WARREN HOSPITAL**

40. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth in this count.

41. Dr. Mann and other health providers who assisted with Susan Miller's delivery of Trevor Miller at the health facilities operated by Warren Hospital, were, at all relevant times, actual or ostensible agents, employees and/or servants of Warren Hospital, and were acting in the

course and scope of their employment as an actual or ostensible agent, employee and/or servant of Warren Hospital.

42. The above injuries and losses set forth in Counts I and II of this Complaint, which were sustained by Trevor Miller, were factually caused by the carelessness, negligence, gross negligence and/or unskilled performance of Warren Hospital's agents, servants, assigns and/or employees.

43. Warren Hospital is vicariously liable for the negligent acts and omissions of its agents, employees and/or servants, as though Pinnacle Health committed the negligent acts and omissions itself.

hydrocephalus.

WHEREFORE, Plaintiff seeks an award of money damages in excess of $150,000.00 together with such additional awards and damages that are appropriate based on the evidence developed during discover together with costs, interest and attorney fees where authorized by law.

## DEMAND FOR JURY TRIAL

Plaintiff, Trevor Miller hereby demands trial by jury as to all issues.



Dated: August 25, 2015

HAINES & ASSOCIATES

By: /c/ *Clifford E. Haines*
    CLIFFORD E. HAINES. (Pa. ID 09882)
    Widener Building, 5th Floor
    Philadelphia, PA 19107
    dd: 215.246.2201
    f: 215.246.2211
    chaines@haines-law.com
    *Attorneys for Plaintiff, Trevor Miller*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TREVOR MILLER,<br>　　　　　*Plaintiff,*<br><br>vs.<br><br>WARREN HOSPITAL, IPA., P.A.;<br>CHRISTOPHER MANN, M.D.,<br>　　　　　*Defendants.* | :<br>:<br>:　No. 15-3357<br>:<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I certify that on August 26, 2015, a true and accurate copy of Trevor Miller's Amended Complaint has been served to the following party via ECF:

> Kevin Cottone, Esq.
> Sarah Bailey, Esq.
> White and Williams, LLP
> One Liberty Place, 1650 Market Street, Suite 1800
> Philadelphia, PA 19103
> *Attorneys for Defendant, Warren Hospital, IPA, P.A.*

I further certify that a true and accurate copy of Trevor Miller's Amended Complaint was served to the following party via email and US mail:

> Candy Barr Heimbach, Esq.
> Marshall Dennehey Warner Coleman & Goggin
> 4905 W. Tilgman St., Suite 300
> Allentown, PA 18104
> *Attorneys for Defendant, Christopher Mann, MD*

Respectfully submitted,

HAINES & ASSOCIATES

By: */s/ Clifford E. Haines*
　　CLIFFORD E. HAINES. (Pa. ID 09882)
　　Widener Building, 5th Floor
　　1339 Chestnut St.
　　Philadelphia, PA 19107
　　chaines@haines-law.com