**MARSHALL DENNEHEY WARNER
COLEMAN AND GOGGIN**
By: Candy Barr Heimbach, Esquire
Identification No. 43995
By: Michelle L. Wilson, Esquire
Identification No. 76322
4905 West Tilghman Street
Suite 300
Allentown, Pa 18104
(484) 895-2300

Counsel for Defendant,
Christopher Mann, M.D.

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TREVOR MILLER | : | No. 15-3357 |
| Plaintiff | : | |
| vs. | : | |
| WARREN HOSPITAL, IPA, P.A. and CHRISTOPHER MANN, M.D. | : | |
| Defendants | : | JURY TRIAL DEMANDED |

**DEFENDANT, CHRISTOPHER MANN, M.D,'S MOTION TO DISMISS OR FOR TRANSFER OF VENUE**

Defendant, Christopher Mann, M.D., respectfully requests that this Court dismiss the Amended Complaint against him on the basis of Federal Rule of Civil Procedure 12(b)(3) and 28 United States Code §§ 1406(a), or, in the alternative, transfer venue to the United States District

Court for the District of New Jersey on the basis of 28 United States Code §§ 1391(b) and 1406(a). A brief also is filed in support of this Motion, and Moving Defendant avers as follows:

1. Plaintiff, Trevor Miller, commenced this medical malpractice action on June 15, 2015, by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania. (See Complaint, a true and correct copy of which is attached as Exhibit A hereto).

2. A Request for Waiver of Service was sent to Defendant, Christopher Mann, M.D. to an address in New Jersey on July 29, 2015. (See Request, a true and correct copy of which is attached as Exhibit B hereto).

3. On August 20, 2015, Defendant, Warren Hospital, filed a Motion to Dismiss Plaintiffs Complaint, or in the alternative, a Motion to Transfer Venue to the United States District Court for the District of New Jersey.

4. Thereafter, Plaintiff filed an Amended Complaint on August 26, 2015. (See Amended Complaint, a true and correct copy of which is attached as Exhibit C hereto).

5. On September 22, 2015, Defendant, Warren Hospital, filed a Motion to Dismiss Plaintiffs Amended Complaint, or, in the alternative, Motion to Transfer Venue and Motion to Dismiss Count III of the Amended Complaint.

6. Moving Defendant hereby joins in a portion of said Motion on the following bases.

7. Plaintiff's Amended Complaint generally alleges, *inter alia*, negligence on the part of the Moving Defendant, Christopher Mann, M.D., in the care and treatment of Plaintiff and Plaintiff's mother, Susan Miller, at the time of Plaintiff's birth at Warren Hospital on June 16, 1995. (See Exhibit C, ¶13). More specifically, Plaintiff contends that, despite knowing that Ms. Miller had Group B Streptococcus ("Group B Strep") and meconium in her waters, and that said

Defendant negligently delivered Trevor Miller vaginally and did not treat the mother, Susan Miller, with antibiotics. Id. at ¶¶16, 21-22.

8. As averred by Plaintiff in the Amended Complaint, Defendants, Dr. Mann and Warren Hospital are residents and domiciliaries of the State of New Jersey. Id. at ¶¶ 2, 3, 8.

9. Plaintiff asserts that venue is proper in the Eastern District of Pennsylvania "because a substantial portion of the events or omissions giving rise to the claim occurred in this District." Id. at ¶ 9.

10. While Plaintiff's averments generally set forth a development of his injuries or damages within the Commonwealth of Pennsylvania, it is clear from the Amended Complaint that all of the events or alleged acts or omissions giving rise to the claim occurred on June 16, 1995 at Warren Hospital, which is located in Phillipsburg, Warren County, New Jersey. Id.

11. There are no allegations of negligence in the Complaint regarding any treatment received by Trevor Miller within the Commonwealth of Pennsylvania, nor of any contact by the Defendants within the Commonwealth of Pennsylvania or beyond the above-referenced date of his birth.

## Dismissal of Case for Improper Venue

12. This action has been brought in the United States District Court for the Eastern District of Pennsylvania based on the diversity of citizenship of the parties, as provided in 28 U.S.C. §1332. Id. at ¶ 8.

13. The federal courts indeed have subject matter jurisdiction over this matter because there is complete diversity of the parties; specifically, defendants, Warren Hospital and Dr. Mann, are both residents of the state of New Jersey, and Plaintiff is a resident of the state of Pennsylvania.

14. Pursuant to 28 U.S.C. §1391(b), however, the United States District Court for the Eastern District of Pennsylvania is not a proper venue for this federal jurisdiction action based on diversity, insofar as it provides that venue is proper only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

15. By Plaintiff's own averments, set forth above, the residence of both Defendants are within the District of New Jersey.

16. Furthermore, all of the events or omissions giving rise to the claim occurred within the District of New Jersey.

17. The United Stated District Court for the Eastern District of Pennsylvania ("Eastern District") has held that where a defendant challenges venue under 28 U.S.C. §1391(b)(2), a two-part inquiry is required.

18. First, the court must "identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims." Lannett Co., Inc. v. Asherman, 2014 WL 716699, *3 (E.D. Pa. 2014).

19. Venue is determined by the location of the events or omissions giving rise to the claim. See id., citing Cottman Transmissions Sys. v. Martino, 36 F.3d 291, 294 (3d. Cir. 1994).

20. Second, the court must determine whether a substantial part of the acts or omissions material to the claims occurred in the district in question. See Lannett at *3.

21. The Eastern District has established that "[w]hen material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed 'significant' and thus, substantial." Lannett at *3, quoting Leone v. Cataldo, 574 F.Supp.2d 471, 484 (E.D. Pa. 2008).

22. On the other hand, "[e]vents or omissions that might only have some tangential connection with the dispute in litigation are not enough" to establish that a particular federal district court is the proper venue for plaintiffs claims. Lannett at *3, quoting Cottman, 36 F.3d at 294 (emphasis added).

23. Rather, allegations of harm in this district are insufficient to meet the "substantial" requirements of § 1391(a)(2). Cottman, 36 F.3d at 295 (Third Circuit rejected the reasoning, stating that "even though the result was...in Pennsylvania, the [acts or] omissions bringing about this result actually occurred in [another district]"). See also, e.g., Steen v. Murray, 770 F.3d 698 (8th Cir. 2014), cert. den., 135 S. Ct. 2050 (2015)(citing Woodke v. Dahm, 70 F.3d 983 (8th Cir. 1995).

24. Here, Plaintiffs Amended Complaint asserts claims of negligence against the Defendants pertaining to the events of Susan Miller's labor and delivery.

25. Thus, substantial part of the acts or omissions did not occur within the Eastern District; in fact, none of Plaintiffs allegations relate to events that occurred in the Eastern District. Rather, only the purported damages, having allegedly been caused by conduct in New Jersey, allegedly developed within the Commonwealth of Pennsylvania.

26. Thus, the acts or omissions giving rise to Plaintiff's claims occurred at Warren Hospital, within Warren County, New Jersey.

27. Furthermore, the fact that, subsequent to the events at issue, Plaintiff was transferred to a Pennsylvania hospital, has no bearing on the determination of proper venue in this case where none of the acts or omission at issue occurred there.

28. Federal Rule of Civil Procedure 12(b)(3) authorizes dismissal of a case when venue is improper, as does 28 U.S.C. §1406(a). See 28 U.S.C. §1406(a); F.R.C.P. 12(b)(3).

29. Accordingly, the Eastern District is an improper venue for this action, and Moving Defendant requests that this Honorable Court dismiss Plaintiff's Amended Complaint on the basis of improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3).

**Transfer of Case for Improper Venue**

30. Alternatively, pursuant to 28 U.S.C. §1406(a) and 28 U.S.C. §1391(b), Moving Defendant requests that this Honorable Court transfer this case to the appropriate venue of the United States District Court for the District of New Jersey.

31. Pursuant to 28 U. S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall ... transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a).

32 In determining whether there exists a district in which the action could have been brought, courts look to 28 U.S.C. §1391(b) to determine where venue would be proper. See e.g., Loeb v. Bank of America, 254 F. Supp. 2d. 581 (E.D. Pa. 2003).

33. Here, pursuant to 28 U.S.C. §1391(b), an adequate alternative forum exists in the United States District Court for the District of New Jersey based upon the reasons set forth above regarding the residence of both Defendants and the location of the events or omissions giving rise to Plaintiff's claims.

34. Accordingly, the Moving Defendant alternatively requests that this Court transfer venue to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1406(a).

<pre>
                                    MARSHALL, DENNEHEY, WARNER,
                                    COLEMAN & GOGGIN


                                    BY: /s/ Michelle L. Wilson
                                       Michelle L. Wilson, Esquire
                                       4905 South Tilghman Street, Suite 300
                                       Allentown, PA  18104
                                       (484) 895-2320
                                       (484) 895-2303 (fax)
                                       email: mlwilson@mdwcg.com
                                         Attorney for Defendant
                                         Christopher Mann, M.D.
</pre>