**\*NOT FOR PUBLICATION\***

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **TREVOR MILLER**, | : | |
| Plaintiff, | : | |
| v. | : | Civ. Action No.: 15-7496 (FLW)(DEA) |
| **WARREN HOSPITAL IPA, PA** and **CHRISTOPHER MANN M.D.**, | : | **OPINION** |
| Defendants. | : | |

Plaintiff Trevor Miller ("Plaintiff") brings this medical malpractice suit against Defendants Warren Hospital IPA PA ("Warren Hospital") and Christopher Mann, M.D., ("Dr. Mann") (collectively, "Defendants") for alleged negligence by Defendants in the care and treatment of Plaintiff and Plaintiff's mother, Susan Miller, at the time of Plaintiff's birth on June 16, 1995. Presently before the Court is Warren Hospital's Motion to Partially Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's claim for vicarious liability against Warren Hospital (Count III of the Amended Complaint) as barred by the applicable statute of limitations. For the reasons set forth below, Warren Hospital's Motion to Partially Dismiss is denied.

**I. Procedural and Factual Background**

The following allegations are taken from the Amended Complaint and are assumed as true for the purposes of review under Rule 12(b)(6).

In October 1994, Susan Miller sought a consultation from Dr. Mann, who informed her that she was pregnant with Plaintiff. Am. Compl. ¶ 11. For the next nine months, during the course of Ms. Miller's pregnancy, Dr. Mann "and/or other physicians in his medical group" saw Ms.

Miller for routine prenatal checkups and administered general prenatal care. Am. Compl. ¶ 12. On June 16, 1995, Ms. Miller went into labor and was hospitalized at Warren Hospital for the birth of Plaintiff. Am. Compl. ¶ 13.

Plaintiff alleges that at the outset of Ms. Miller's labor, employees[1] of Warren Hospital performed a vaginal smear test and determined that she was "suffering from Group B Streptococcus" ("Group B Strep") and that she had "meconium in her waters." Am. Compl. ¶¶ 15-16. According to the Amended Complaint, "[i]t was well known at the time that the discovery of meconium in a delivering mother's waters is a sign of risk for vaginal delivery and that infants, are highly susceptible to the transmission of Group B Strep infection as they traverse the vaginal canal during delivery." Am. Compl. ¶ 17. Plaintiff asserts that "[i]t was the standard of care [at the time] for any mother diagnosed with Group B Strep to undergo a period of prophylactic intravenous antibiotics and/or a caesarian section so as to prevent the transmission of Group B Strep to the child." Am. Compl. ¶ 18.

However, despite this standard of care, Ms. Miller was not treated with any antibiotics and Plaintiff was delivered vaginally.[2] Am. Compl. ¶ 20. As a result, Plaintiff allegedly contracted Group B Strep upon birth, which in turn caused him to develop hydrocephalus. Am. Compl. ¶¶ 23-24, 27. Due to his hydrocephalus, Plaintiff has developed ongoing cognitive and physical losses, including frequent headaches, emotional distress, academic problems, difficulty concentrating in

---

[1] The Court notes that the Amended Complaint does not identify who performed the smear test on Ms. Miller or who analyzed the results.

[2] The Court notes that it is somewhat unclear from the Amended Complaint which individual health care provider decided to deliver Plaintiff vaginally, without administering antibiotics to Ms. Miller. Nonetheless, the Amended Complaint asserts that "Dr. Mann and Warren Hospital were negligent in their decisions to deliver [Plaintiff] vaginally and not to treat Susan Miller with antibiotics." Am. Compl. ¶ 22.

school, loss of earning capacity, and placement of a shunt running from his brain to his abdominal cavity, which prevents him from participating in certain physical activities. Am. Compl. ¶¶ 28-32. Plaintiff asserts that Dr. Mann and Warren Hospital negligently caused these injuries through their decision to deliver Plaintiff vaginally without treating Ms. Miller with antibiotics. Am. Compl. ¶ 22. Plaintiff brings the following three claims against Dr. Mann and Warren Hospital: (I) negligence of Dr. Mann; (II) negligence of Warren Hospital; and (III) vicarious liability of Warren Hospital.

On June 15, 2015, Plaintiff commenced the instant medical malpractice action against Dr. Mann and Warren Hospital in the District Court for the Eastern District of Pennsylvania. The original Complaint contained only two counts against Defendants: (I) negligence of Warren Hospital and (II) negligence of Dr. Mann. On August 20, 2015, Warren Hospital filed a Motion to Dismiss Plaintiff's Complaint on the basis of improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, Transfer Venue to the U.S. District Court for the District of New Jersey, pursuant to 28 U.S.C. §1406(a) and 28 U.S.C. §1391(b). On August 26, 2015, Plaintiff filed an Amended Complaint, adding a vicarious liability claim (Count III) against Warren Hospital for the negligence of Dr. Mann and "other health providers who assisted with Susan Miller's delivery of Trevor Miller," but otherwise alleging no new facts. Am. Compl. ¶ 41. In response, on September 8, 2015, Warren Hospital filed the instant Motion to Partially Dismiss Count III as it pertains to "other health providers," because this claim was barred by the applicable statute of limitations. At the same time, Warren Hospital also renewed its Motion to Dismiss Plaintiff's Complaint on the basis of improper venue or, in the alternative, Transfer Venue to the U.S. District Court for the District of New Jersey. Similarly, on September 25, 2015, Dr. Mann filed a Motion to Dismiss for Lack of Jurisdiction or to Transfer Venue. On October 9, 2015, the

Honorable Joseph F. Leeson, U.S.D.J., ordered that this case be transferred to the U.S. District Court for the District New Jersey, pursuant to a stipulation of the parties to transfer venue. Accordingly, this matter was transferred to this Court.

As a result of this transfer, Dr. Mann's Motion to Dismiss or to Transfer Venue, as well as those portions of Warren Hospital's pending Motion related to improper venue, have been rendered moot. Therefore, all that is presently pending before this Court is Warren Hospital's Motion to Partially Dismiss Count III. Both Plaintiff and Dr. Mann oppose this Motion.

## II.     Standard of Review

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quotations omitted). Under such a standard, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

However, Rule 12(b)(6) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The complaint must include

"enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 234 (citation and quotations omitted); *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to set out in detail the facts upon which he bases his claim. The pleading standard is not akin to a probability requirement; to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief.") (citation and quotations omitted).

In sum, under the current pleading regime, when a court considers a dismissal motion, three sequential steps must be taken: first, "it must take note of the elements the plaintiff must plead to state a claim." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quotations and brackets omitted). Next, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quotations omitted). Lastly, "when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quotations and brackets omitted).

### III. Analysis

Warren Hospital asserts that when Plaintiff amended his Complaint on August 26, 2015, the amendment was made outside the two-year statute of limitations for medical malpractice claims. Consequently, Warren Hospital contends that only those portions of the amendment that relate back to the original Complaint are not barred by the statute of limitations. According to Warren Hospital, in the original Complaint, there was no claim of negligence asserted against any individual provider, other than Dr. Mann. Thus, Warren Hospital argues that Plaintiff's claim in

Count III against Warren Hospital for vicarious liability as to "other health providers who assisted with Susan Miller's delivery," does not relate back to the original Complaint, and should be dismissed as barred by the statute of limitations. Conversely, Plaintiff argues that the allegations in the original Complaint gave Warren Hospital fair notice of the claim in Count III, and thus, this claim properly relates back to the date of the original Complaint. As discussed *infra*, the Court finds that Plaintiff's claim in Count III of the Amended Complaint relates back to the date of the original Complaint, and thus is not barred by the applicable statute of limitations.

To succeed on a motion to dismiss on the basis of statute of limitations, the defendant must allege that "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002)). Once a defendant has raised a statute of limitations defense to a claim, it is the plaintiff's burden to allege the facts necessary to justify the application of equitable tolling. *Credit Suisse Sec. (USA) LLC v. Simmonds*, 132 S. Ct. 1414, 1419 (2012). A federal court sitting in diversity must "apply the relevant state's substantive law, which includes its statute of limitations, as that law has been set forth by [that state's] legislature or highest court." *Jaworowski v. Ciasulli*, 490 F.3d 331, 333 (3d Cir. 2007) (citations omitted). When a federal court applies a state limitations period it also applies the equitable tolling principals of that state. *Knopick v. Connelly*, 639 F.3d 600, 606 (3d Cir. 2011).

Under New Jersey law, medical malpractice actions must be commenced within two years of the alleged negligence. *Troum v. Newark Beth Israel Med. Ctr.*, 338 N.J. Super. 1, 15 (N.J. App. Div. 2001) (citing N.J. Stat. Ann. 2A:14-2); *see also Guichardo v. Rubinfeld*, 177 N.J. 45, 47 (N.J 2003). However, when a minor suffers personal injuries as a result of medical malpractice, pursuant to New Jersey statute, the statute of limitations as to his claims is tolled until two years

after he reaches eighteen years of age. *Lafage v. Jani*, 166 N.J. 412, 426 (N.J. 2001) (citing N.J. Stat. Ann. 2A:14-21). In the instant case, Plaintiff turned eighteen on June 16, 2013. Thus, under New Jersey law, Plaintiff was required to bring any claims against Defendants arising from their alleged negligence at his birth by June 16, 2015. Plaintiff filed the original Complaint within one day of this deadline, on June 15, 2015. However, when Plaintiff amended the Complaint on August 26, 2015 to add a vicarious liability claim against Warren Hospital (Count III), the statute of limitations had expired. Indeed, Plaintiff does not dispute that his amendment was made after the applicable statute of limitations had already run. However, he argues that under Fed. R. Civ. P. 15(c)(1)(b), Count III relates back to the date of the original complaint, which was within the limitations period.

Under Rule 15(c)(1)(b), a party may make an amendment to a pleading that would otherwise be time barred, if the amended pleading relates back to the date of the original pleading by arising out of "the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(1)(b). Relation back is structured "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010). "Where an amendment relates back, Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality." *Glover v. FDIC*, 698 F.3d 139, 145 (3d Cir. 2012) (citing *id.*). However, "[a]t the same time Rule 15(c) endeavors to preserve the important policies served by the statute of limitations — most notably, protection against the prejudice of having to defend against a stale claim, as well as society's general interest in security and stability — by requiring 'that the already commenced

7

action sufficiently embraces the amended claims.'" *Glover*, 698 F.3d at 145 (quoting *Nelson v. Cnty. of Allegheny*, 60 F.3d 1010, 1014-15 (3d Cir. 1995)). "In essence, application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings. As such, the court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." *USX Corp. v. Barnhart*, 395 F.3d 161, 166-67 (3d Cir. 2004)

Here, it is clear that there is a common core of operative facts between the original Complaint and the new claim in the Amended Complaint -- Count III. In that regard, the Amended Complaint alleges no new facts. Rather, it merely brings a new claim against Warren Hospital for vicarious liability arising from the negligence of Dr. Mann and "other health providers who assisted with Susan Miller's delivery of Trevor Miller."[3] Am. Compl. ¶ 41. As such, Count III is rooted in the allegations in the original Complaint -- namely the "negligent decision" of Ms. Miller's health care providers to deliver Plaintiff vaginally, without administering antibiotics to Ms. Miller.

Moreover, the Court questions whether Plaintiff's "new" claim for vicarious liability against Warren Hospital is not simply a duplicate of its original claim for negligence, because as an institution, any liability on the part of Warren Hospital will necessarily arise from actions taken by its agents. To that point, both the original Complaint and Amended Complaint assert that "Warren Hospital acted by and through its agents, servants and employees, to include ostensible agents and persons under the control of Warren Hospital." Compl. ¶ 4; Am. Compl. ¶ 4. Given the similarities between the original negligence claim against Warren Hospital and the new vicarious

---

[3] The amendment also changes the order in which negligence claims are asserted against Dr. Mann and Warren Hospital.

liability claim, the Court finds that the original Complaint gave Warren Hospital fair notice that Plaintiff's claims against it included negligence on the part of any individuals in its employ who treated Ms. Miller during Plaintiff's birth, not just Dr. Mann. In any event, Plaintiff's original Complaint sufficiently embraces his new claim for vicarious liability, such that pursuant to Rule 15(c)(1)(b), the new claim relates back to the date that the original Complaint was filed. Accordingly, Count III is not barred by New Jersey's two-year statute of limitations for claims of medical malpractice.

**IV.  Conclusion**

For the foregoing reasons, Warren Hospital's Motion to Partially Dismiss Count III is denied.

Date: June 27, 2016

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. District Judge