## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREVOR MILLER | ) |
| | ) |
| **Plaintiff** | ) **CASE NO: 3:15-cv-07496** |
| | ) |
| | ) **NOTICE OF MOTION FOR** |
| | ) **DEFENDANT, CHRISTOPHER** |
| WARREN HOSPITAL, IPA., P.A., and | ) **MANN, M.D.'S MOTION FOR** |
| CHRISTOPHER MANN, M.D.,  | ) **SUMMARY JUDGMENT WITH** |
| | ) **PREJUDICE FOR FAILING TO** |
| **Defendants** | ) **PROVIDE A PRIMA FACIE CASE** |
| | ) **SUPPORTED BY EXPERT REPORTS** |
| | ) **AND MOTION TO DISMISS** |
| | ) **PLAINTIFF'S COMPLAINT WITH** |
| | ) **PREJUDICE FOR FAILING TO** |
| | ) **COMPLY WITH THE COURT'S** |
| | ) **ORDER OF FEBRUARY 16, 2017** |
| | ) **MANDATING DISCOVERY** |
| | ) **PRODUCTION** |

**PLEASE TAKE NOTICE**, that on July 13, 2017, **at 9:00 a.m.**, or as soon thereafter as counsel may be heard, the undersigned shall apply to the United States District Court for entry of an Order granting summary judgment with prejudice for failing to provide a prima facie case supported by expert reports, and dismissing Plaintiff's Complaint with prejudice for failing to comply with the Court's Order of February 16, 2017 mandating Plaintiff to produce Facebook information, medical authorizations and supplemental discovery responses.

**PLEASE TAKE FURTHER NOTICE**, that Defendant shall rely upon the accompanying Memorandum of Law and Certification of Lynne Nahmani, Esq. in support of the Motion submitted herewith; and

**PLEASE TAKE FURTHER NOTICE**, that oral argument is requested only if timely opposition is filed in response to this Motion. A proposed form of Order is submitted with this Motion.

Respectfully submitted,

*//Lynne N. Nahmani, Esquire//*
LYNNE NAHMANI, ESQUIRE
MONICA FILLMORE, ESQUIRE
NJ Atty ID #016711989
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
15000 Midlantic Drive ◉ Suite 200
P.O. Box 5429
Mt. Laurel, NJ 08054
☎856-414-6000      🖨856-414-6077
📧 lnnahmani@mdwcg.com
Attorney for Defendant
Christopher Mann, M.D.

Dated: June 13, 2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TREVOR MILLER** | ) |
| | ) |
| **Plaintiff** | ) **CASE NO: 3:15-cv-07496** |
| | ) |
| | ) **CERTIFICATE OF SERVICE** |
| **WARREN HOSPITAL, IPA., P.A., and** | ) |
| **CHRISTOPHER MANN, M.D.,** | ) |
| | ) |
| **Defendants** | ) |
| | ) |

I, LYNNE NAHMANI ESQ., hereby certify that on June 13, 2017, I did cause a true and correct copy of the within Notice of Motion and all accompanying papers to be E-filed with the United States District Court for the District of New Jersey, on behalf of the Defendant, Christopher Mann, M.D., and copies to be distributed as follows:

<u>**VIA ECF**</u>

**Clerk of Court**
**United States District Court**
**District of New Jersey**
**Martin Luther King Bldg. & U.S. Courthouse**
**50 Walnut Street**
**Newark, NJ 07101**

**Clifford E. Haines, Esquire**
**Danielle Weiss, Esquire**
**Haines & Associates**
**The Widener Building, 5th Floor**
**1339 Chestnut Street**
**Philadelphia, PA 19107**
*Attorneys for Plaintiff*

**Kevin C. Cottone, Esquire**
**White and Williams LLP**
**1650 Market St.**
**One Liberty Place, Suite 1800**
**Philadelphia, PA 19143**
*Attorneys for Defendant Warren Hospital*

Respectfully submitted,

*//Lynne N. Nahmani, Esquire//*
LYNNE NAHMANI, ESQUIRE
NJ Atty ID #016711989
**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
15000 Midlantic Drive ◙ Suite 200
P.O. Box 5429
Mt. Laurel, NJ 08054
☎856-414-6000     ⎙856-414-6077
✉ lnnahmani@mdwcg.com
Attorney for Defendant
Christopher Mann, M.D.

Dated: June 13, 2017

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TREVOR MILLER** | ) |
| | ) |
| **Plaintiff** | )   **CASE NO: 3:15-cv-07496** |
| | ) |
| | )   **COUNSEL CERTIFICATION OF** |
| **WARREN HOSPITAL, IPA., P.A., and** | )   **LYNNE NAHMANI, ESQUIRE** |
| **CHRISTOPHER MANN, M.D.,** | ) |
| | ) |
| **Defendants** | ) |
| | ) |

I, LYNNE NAHMANI, ESQ., of full age, do hereby certify the following facts as true:

1. I am an attorney at law of the State of New Jersey and a shareholder of the law firm of Marshall Dennehey Warner Coleman & Goggin, attorneys for the Defendant, Christopher Mann, M.D. in the within matter. I make this Certification in support of the Defendants' Motion for Summary Judgment and Motion to Dismiss within this matter.

2. Attached hereto as "Exhibit A" is a true copy of the Amended Complaint filed in this matter on or about August 26, 2015.

3. Attached hereto as "Exhibit B" is a true copy of Defendant's Answer filed in this matter on or about November 15, 2015.

4. Attached hereto as "Exhibit C" is a true copy of the Court's Order of February 16, 2017 which set the deadlines for the production of Plaintiff's expert reports as May 30, 2017 and compelled Plaintiff to produce outstanding discovery by March 10, 2017.

5. Attached hereto as "Exhibit D" is a true copy of the Court's Order of May 2, 2017, which again set the deadline for the production of Plaintiff's expert reports as May 30, 2017.

6. Attached hereto as "Exhibit E" is a true copy of Defendant Mann's letter to the Court dated June 1, 2017, which requested leave to file a dispositive motion for failure to provide expert reports and failure to provide discovery consistent with the Court's ordered deadlines..

7. Attached hereto as "Exhibit F" is a true copy of the Court's Order of June 5, 2017 granting Defendant Mann's request for leave to file a dispositive motion.

8. Attached hereto as "Exhibit G" is a true copy of a true copy of Defendant Mann's Notices to Produce to the Plaintiff dated July 11 and 21, 2016 requesting the facebook materials for Trevor and Susan Miller.

9. Attached hereto as "Exhibit H" is a true copy of Defendant Mann's letter to the Plaintiff dated November 3, 2016 requesting the overdue responses to the Notice to Produce for Facebook information..

10. Attached hereto as "Exhibit I" is a true copy of Defendant Mann's letter to the Court dated November 21, 2016 requesting leave to file a motion to compel the overdue Facebook information from Plaintiff.

11. Attached hereto as "Exhibit J" is a true copy of the filed Joint Status Report on all outstanding discovery disputes between the parties..

12. Attached hereto as "Exhibit K" is a true copy of the Plaintiff's cover letter dated March 2, 2017 serving the Facebook information for Trevor Miller only.

13. Attached hereto as "Exhibit L" is a true copy of Defendant Mann's letter to the Court dated April 26, 2017 requesting leave to file a dispositive motion to dismiss Plaintiff's Complaint with prejudice for failure to comply with the Court's Order on deadline for the production of discovery.

14. Attached hereto as "Exhibit M" is a true copy of Plaintiff's letter to the Court dated May 5, 2017 which responds to Defendant Mann's request for leave to file a dispositive motion. This letter is also the first time Plaintiff states that they will not be independently producing the requested photos and videos of the Plaintiff and will instead be relying upon Susan Miller's facebook information.

15. Attached hereto as "Exhibit N" is a true copy of Defendant Mann's letter to the Court dated May 9, 2017 responding to Plaintiff's May 5, 2017 letter and renewing request for leave to file a dispositive motion for Plaintiff's failure to comply with the February 16, 2017 Order.

16. Attached hereto as "Exhibit O" is a true copy of Court's Order of June 8, 2017 clarifying the grounds upon which Defendant Mann can file a dispositive motion on.

17. Attached hereto as "Exhibit P" is a true copy of Defendant Mann's letter to Plaintiff dated February 3, 2017 serving supplemental discovery requests.

18. Attached hereto as "Exhibit Q" is a true copy of Defendant Mann's letter to Plaintiff dated February 15, 2017 requesting additional medical authorizations.

19. Attached hereto as "Exhibit R" is a true copy of Defendant Mann's letters to Plaintiff dated March 29, 2017 and April 12, 2017 requesting outstanding discovery to be provided to avoid motion practice.

20. Attached hereto as "Exhibit S" is a true copy of Defendant Mann's e-mail to Plaintiff dated April 20, 2017 confirming Plaintiff's intention to provide the outstanding Facebook information.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

*//Lynne N. Nahmani, Esquire//*
LYNNE NAHMANI, ESQUIRE
NJ Atty ID #016711989
**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**
15000 Midlantic Drive ◙ Suite 200
P.O. Box 5429
Mt. Laurel, NJ 08054
☎856-414-6000    🖷856-414-6077
🖃 lnnahmani@mdwcg.com
Attorney for Defendant
Christopher Mann, M.D.

Dated: June 13, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

TREVOR MILLER )
                                                    )
                        Plaintiff          )        CASE NO:  3:15-cv-07496
                                                    )
                                                    )
CHRISTOPHER MANN, M.D.,         )
                                                    )
                        Defendants           )
                                                    )

_____

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT
CHRISTOPHER MANN'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO
ESTABLISH A PRIMA FACIE MEDICAL NEGLIGENCE CASE DUE TO FAILURE
TO SUBMIT EXPERT REPORTS AND SEEKING AN ORDER DISMISSING
PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILING TO COMPLY WITH
THE COURT'S ORDER OF FEBRUARY 16, 2017 MANDATING DISCOVERY
PRODUCTION**

Of Counsel :
Lynne Nahmani, Esq.
On the Brief:
Monica Fillmore, Esq.

Defendant, Christopher Mann, M.D., hereby set for the following statement of uncontroverted facts in support of his motion for summary judgment.

1. The matter arises from a Complaint filed by the Plaintiff, Trevor Miller against Defendants Christopher Mann, M.D. and Warren Hospital. (See Plaintiff's Amended Complaint attached hereto as **"Exhibit A."**)

2. Defendant Christopher Mann, M.D. filed an Answer to Plaintiff's Amended Complaint on November 15, 2015. (See Defendants' Answer, attached hereto as **"Exhibit B"**).

3. The only claim against Dr. Mann is for negligence. (**Exhibit A** at Count I).

4. Mr. Miller has claimed that Dr. Mann violated the standard of care by failing to prevent the transmission of Strep B from his mother to him during his mother's labor and delivery of Mr. Miller on June 16, 1995. (Exhibit A at ¶¶ 11-23)

5. It is alleged that the Plaintiff's subsequent Strep B infection led to him developing both meningitis and hydrocephalus. (**Exhibit A** at ¶¶ 27)

6. It is further alleged that the sequelae from the Strep B infection led to the need for a brain shunt, which the Plaintiff still has today. In addition, the Plaintiff has claimed that his Strep B infection led to physical and cognitive losses, physical pain, multiple shunt revision surgeries, frequent headaches, emotional distress, academic problems, difficulty concentrating in school, a loss of earnings capacity, and prevented him from participating in organized sports and other recreational activities. (**Exhibit A** at ¶¶ 28-32).

## A.  Plaintiff has failed to provide any expert reports against any party.

7. The Court ordered that all affirmative reports must be produced by May 30, 2017. (See Court's Order dated February 16, 2017, attached hereto as **"Exhibit C"**; see also Court's Order dated May 2, 2017, attached hereto as **"Exhibit D"**).

8. During the telephonic case management conference on May 1, 2017, the Court specifically asked if Plaintiff's counsel needed additional time to provide expert reports. Plaintiff's counsel responded that no additional time was needed. The deadline for affirmative expert reports therefore remained May 30, 2017. (**Exhibit D**).

9. To date, Plaintiff has not provided any expert reports against any party in this matter.

10. On June 1, 2017, Defendant Mann sought leave of this Court to file dispositive motion practice for Plaintiff's failure to provide expert reports. (See Letter to the Court dated June 1, 2017 with attachments, attached hereto as **"Exhibit E"**).

11. The Court granted Defendant's Mann's request to file a dispositive motion by Order on June 5, 2017. (See Court's June 5, 2017 Order, attached hereto as **"Exhibit F"**).

**B. Plaintiff did not comply with the Court's Order of February 16, 2017 mandating the discovery production of Facebook information, medical authorizations and supplemental discovery Responses.**

### a. Facebook Information

12. On July 11 and July 21, 2016, Defendant Mann sent Plaintiff requests to produce Facebook information for both Trevor and Susan Miller. (See Notice to Produce to Plaintiff, attached collectively as **"Exhibit G"**).

13. On November 2, 2016, during a case management conference Defendant Mann informed the Court that Plaintiff had not provided the requested Facebook information.

14. Plaintiff did not object to producing the Facebook information for Trevor and Susan Miller during this conference.

15. On November 3, 2016, a follow-up letter was sent to Plaintiff requesting the outstanding Facebook materials. (See Letter to Plaintiff dated November 3, 2016, attached hereto as **"Exhibit H"**).

16. On November 21, 2016, Defendant Mann sought leave of the Court to file a motion to compel the Facebook information. (See Letter to the Court dated November 21, 2016, attached hereto as **"Exhibit I"**).

17. On December 14, 2016, all parties held a telephonic conference pursuant to L.Civ.R.37.1(a)(1) to discuss all outstanding discovery per the Court's directive. At that time Plaintiff represented that the requests for the Facebook materials had been sent to their client.

18. On December 30, 2016, all parties submitted a Joint Status Report regarding outstanding discovery disputes. In this Status Report Plaintiff did not object to producing the Facebook information for Trevor and Susan Miller. Defendant sought to compel the production of the Facebook information within fourteen (14) days of the Court's Order. (See Joint Status Report, attached hereto as **"Exhibit J"**).

19. On February 15, 2017, the Court held a telephonic status conference and ordered Plaintiff to produce " **the social media information requested by Defendants no later than March 10, 2017.** " (**Exhibit C**)(emphasis added).

20. On March 2, 2017, Plaintiff provided the Facebook information for Trevor Miller only. (See Letter from Plaintiff, attached hereto as **"Exhibit K"**).

21. On April 26, 2017, Defendant sought leave to file a motion to dismiss Plaintiff's Complaint for failure to produce the Court Ordered Facebook information for Susan Miller. (See Letter to Court dated April 26, 2017, attached hereto as **"Exhibit L"**).

22. On May 5, 2017, Plaintiff wrote to the Court and admitted that the Facebook information for Susan Miller had not been provided. (See Letter from Plaintiff to Court dated May 5, 2017, attached hereto as **"Exhibit M"**).

23. On May 9, 2017, Defendant Mann responded to Plaintiff's correspondence and renewed the request for leave to file a motion to dismiss Plaintiff's Complaint as Plaintiff still had not complied with the Court's February 16, 2017 for the production of Susan Miller's Facebook information. (See Letter to Court dated May 9, 2017, attached hereto as **"Exhibit N"**).

24. On May 11, 2017 Plaintiff provided Susan Miller's Facebook information—63 days after the Court ordered the information be provided and 305 days after the discovery was first requested.

25. On June 5, 2017, the Court granted Defendant Mann's request for leave to file a Motion to Dismiss Plaintiff's Complaint for failure to provide discovery in accordance with the Court's March 10, 2017 deadline for the production of social media information. (**Exhibit E**; See also Court's Order of June 8, 2017 clarifying that Defendant Mann may file dispositive motions for the failure to provide discovery and the failure to provide expert reports, attached hereto as **"Exhibit O"**).

### b. Medical Authorizations and Supplemental Discovery Responses

26. On February 3, 2017, Defendant Mann sent Plaintiff a supplemental discovery request for 1) copies of all photographs and videos of Trevor Miller in Susan Miller's possession and 2) copies of all medical records and imagining studies that Susan Miller testified she had at home. (See Letter to Plaintiff dated February 3, 2017, attached hereto as **"Exhibit P"**).

27. Plaintiff Trevor Miller lives with his mother and therefore has access to all requested information.

28. On February 15, 2017, Defendant Mann sent Plaintiff a medical authorization for Dr. Vikram Bhise. (See Letter to Plaintiff dated February 15, 2017, attached hereto as **"Exhibit Q"**)

29. During the February 15, 2016 case management conference, Defendant Mann informed that the Court that supplemental discovery and new medical authorizations had recently been issued.

30. Plaintiff did not object to providing the supplemental discovery or medical authorizations during the case management conference.

31. On February 16, 2017, the Court ordered Plaintiff to produce documents required from medical authorizations and supplemental document requests to the Defendants by March 10, 2017. (Exhibit C).

32. By March 10, 2017, Plaintiff had not responded to the supplemental discovery request and had not provided an executed authorization for the release of Dr. Bhise's records.

33. On March 29, 2017, a follow-up letter was sent to Plaintiff which detailed all outstanding discovery and reminded Plaintiff of the court ordered deadlines for the production of the materials. A second follow-up letter was sent on April 12, 2017. (See Letters dated March 29, 2017 and April 12, 2017, attached collectively hereto as **"Exhibit R"**).

34. All outstanding documents were requested to be produced within five (5) days to avoid motion practice. (**Exhibit R**).

35. On April 20, 2017, our office spoke with Plaintiff counsel who agreed to provide all outstanding discovery. A follow-up email was sent to detail the outstanding items and again request that the materials be produced within five (5) days to avoid motion practice. (See e-mail correspondence dated April 20, 2017, attached hereto as **"Exhibit S"**).

36. On April 26, 2017, Defendant Mann sought leave to dismiss Plaintiff's Complaint for failure to comply with the Court's discovery orders as detailed above. (**Exhibit L**).

37. On April 28, 2017, Plaintiff provided the outstanding authorizations for Dr. Bhise, Robert Wood Johnson and Dr. Bernard. The authorization for Dr. Bhise was given 50 days after it was ordered to be produced by the Court's Order. (**Exhibit C**).

38. In Plaintiff's reply letter of May 5, 2017, Plaintiff for the first time offered to allow Defense Counsel to inspect the requested medical records that Plaintiff's mother had in her possession at their common home. (**Exhibit M**).

39. The May 5, 2017 letter was the first time the Plaintiff stated that they would not be providing the requested photos and videos requested in the February 3, 2017 supplemental discovery request and instead would only provide the photos and videos included in Ms. Miller's Facebook account. (**Exhibit M**).

40. On May 9, 2017, Defendant Mann renewed the request to dismiss Plaintiff's Complaint for failure to comply with the Court's Order. (**Exhibit N**).

41. On June 5, 2017, the Court granted Defendant Mann's request for leave to file a Motion to Dismiss Plaintiff's Complaint for failure to provide discovery in accordance with the Court's March 10, 2017 deadline for the production of medical authorizations and supplemental discovery requests. (**Exhibit E; Exhibit O**).

Respectfully submitted,


<u>*//Lynne N. Nahmani, Esquire//*</u>
LYNNE NAHMANI, ESQUIRE
MONICA FILLMORE, ESQUIRE
NJ Atty ID #016711989
**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
15000 Midlantic Drive ◉ Suite 200
P.O. Box 5429
Mt. Laurel, NJ 08054
☎856-414-6000      🖨856-414-6077
🖷 lnnahmani@mdwcg.com
Attorney for Defendant
Christopher Mann, M.D.

Dated: June 13, 2017

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TREVOR MILLER | ) | |
| | ) | |
| Plaintiff | ) | CASE NO:  3:15-cv-07496 |
| | ) | |
| | ) | |
| CHRISTOPHER MANN, M.D., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

---

## BRIEF IN SUPPORT OF DEFENDANT CHRISTOPHER MANN'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO ESTABLISH A PRIMA FACIE MEDICAL NEGLIGENCE CASE DUE TO FAILURE TO SUBMIT EXPERT REPORTS AND SEEKING AN ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILING TO COMPLY WITH THE COURT'S ORDER OF FEBRUARY 16, 2017 MANDATING DISCOVERY PRODUCTION

---

Of Counsel :
Lynne Nahmani, Esq.
On the Brief:
Monica Fillmore, Esq.

TABLE OF CONTENTS............................................................................i

TABLE OF AUTHORITIES.....................................................................ii

PRELIMINARY STATEMENT...............................................................1

STATEMENT OF FACTS.......................................................................2

PROCEDURAL HISTORY.......................................................................2

LEGAL ARGUMENT...............................................................................5

POINT I: DEFENDANT CHRISTOPHER MANN, M.D. SHOULD BE GRANTED
SUMMARY JUDGMENT AS PLAINTIFF HAS FAILED TO PROVIDE THE
NECESSARY EXPERT REPORTS TO SUSTAIN A PRIMA FACIE OF MEDICAL
NEGLIGENCE...........................................................................................5

  A. <u>Standards Governing Summary Judgment Pursuant to Federal Rule of Civil Procedure
56</u>.........................................................................................................5

  B. <u>Plaintiff's Complaint Must Be Dismissed As Plaintiff Has Not Provided the Requisite
Expert Opinions to Support His Claims For Negligence Against Dr. Mann</u>..............6

POINT II: PLAINTIFF'S COMPLAINT AGAINST DEFENDANT CHRISTOPHER
MANN, M.D. MUST BE DISMISSED WITH PREJUDICE FOR FAILING TO COMPLY
WITH THE COURT'S ORDER OF FEBRUARY 16, 2017 MANDATING PLAINTIFF'S
DISCOVERY PRODUCTION OF FACEBOOK INFORMATION, MEDICAL
AUTHORIZATIONS AND SUPPLEMENTAL DISOVERY RESPONSES....................8

  A. <u>Standards Governing Summary Judgment Pursuant to Federal Rule of Civil Procedure
37(b)(2)(A)(v) and 41(b).00</u>..........................................................................8

  B. <u>Plaintiff's Complaint Must Be Dismissed for Failure to Comply with the Court's
February 16, 2017 Order Compelling the Production of Discovery</u>........................8

<u>Conclusion</u>..............................................................................................9

# TABLE OF AUTHORITIES

**Cases:**

Agiwal v. Mid Island Mortg. Corp., 555 F3d 298 (2d Cir. 2009)……………………………….8

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)…………………………………...5, 6

Black v. Public Service Elec. & Gas, 56 N.J. 63, 77-79 (1970)……………………………….6

Butler v. Acme Markets, Inc., 89 N.J. 270, 283 (1982)……………………………………...6

Celotex Corp. v. Catrett, 477 U.S. 317, 315 (1986)……………………………………………5

Gardner v. Pawliw, 150 N.J. 359, 375 (1997)…………………………………………………6

Germann v. Matriss, 53 N.J. 193, 208 (1970) ……………………………………………….7

Jones v. Stess, 111 N.J. Super. 283, 287 (App. Div. 1970)………………………………….7

Klimko v. Rose, 84 N.J. 496, 502-506 (1980)………………………………………………..6

Rosenberg v. Tavorath, 352 N.J. Super. 385 (App. Div. 2002)……………………………...7

Sanzari v. Rosenfeld, 34 N.J. 128, 134-35 (1961)…………………………………………...7

Schueler v. Strelinger, 43 N.J. 330, 344-45 (1964)………………………………………..6, 7

Seever v. Carrols Corp., 528 F. Supp. 2d 159 (S.D.N.Y. 2007)…………………………….8

Terhune v. Margaret Hague Maternity Hospital, 63 N.J. Super. 106, 111 (App. Div. 1960)…….7

Toy v. Rickert, 53 N.J. Super. 27, 31-32 (App. Div. 1958)………………………………….6

**Local and Federal Rules of Civil Procedure:**

F.R.C.P. 37(b)(2)(A)(v)……………………………………………………………………..8

F.R.C.P. 37(d)(3)……………………………………………………………………………8

L.Civ.R.37.1(a)(1)………………………………………………………………………….8

F.R.C.P. Rule 41(b)………………………………………………………………………..8

## PRELIMINARY STATEMENT

The matter arises from a Complaint filed by Plaintiff, Trevor Miller, alleging that Defendant Christopher Mann, M.D. violated the standard of care during his mother's labor and delivery of the Plaintiff by failing to prevent the transmission of Strep B from the Plaintiff's mother to the Plaintiff. As a result of this negligence, the Plaintiff alleges that he contracted the Strep B infection, which in turn led to a meningitis infection, hydrocephalus and the need for a brain shunt. The Plaintiff also alleges that Dr. Mann's negligence has led to physical and cognitive losses, physical pain, multiple shunt revision surgeries, frequent headaches, emotional distress, academic problems, difficulty concentrating in school, a loss of earnings capacity, and prevented him from participating in organized sports and other recreational activities.

Plaintiff has not provided any expert reports to support his claims to date. All affirmative expert reports were due on May 30, 2017. Without the required expert support, Plaintiff can not sustain a prima facie case. Plaintiff cannot prove that Dr. Mann violated the standard of care and caused the Plaintiff's claimed damages. Accordingly, Dr. Mann must be granted summary judgment such that Plaintiff's Complaint is dismissed for failure to demonstrate the required prima facie case.

Plaintiff has also failed to provide discovery by the Court Ordered deadlines. The Court Ordered that Plaintiff provide all social media requests, supplemental discovery responses and medical authorizations by March 10, 2017. Plaintiff never objected to the production of these items at the time the Court set the March 10th deadline. Despite the Court's clear mandate, Plaintiff did not provide the specified discovery by the Court Ordered deadline of March 10, 2017. Accordingly, Plaintiff's Complaint must be dismissed for failure to comply with the Court's Order.

## STATEMENT OF FACTS

Please see Statement of Material Facts in support of present Motion for Summary Judgment submitted herewith.

## PROCEDURAL HISTORY

Plaintiff filed his Amended Complaint on August 25, 2015 alleging that Defendants Christopher Mann, M.D. and Warren Hospital violated the standard of care by failing to prevent the transmission of a Strep B infection from the Plaintiff's mother to the Plaintiff during his labor and delivery on June 16, 1995. Defendant Christopher Mann, M.D. filed his Answer to Plaintiff's Amended Complaint on November 15, 2015. This matter was transferred from the United States District Court for the Eastern District of Pennsylvania to the United States Court for the District of New Jersey on by stipulation of the parties, as all of the medical care in question occurred in the State of New Jersey.

### A. Expert Reports

Following a case management conference on February 15, 2017, the Court ordered that all affirmative expert reports be produced by May 30, 2017. Plaintiff was an active participant in this conference and did not oppose this deadline. During a subsequent case management conference on May 2, 2017, the Court again set the deadline for affirmative reports as May 30, 2017. During this conference, the Honorable Douglas Arpert, U.S.M.J. specifically asked Plaintiff if he needed more time for the production of affirmative reports, and Plaintiff did not request additional time. Plaintiff did not produce any expert reports by the May 30, 2017 deadline. To date Plaintiff still has not produced any expert reports.

2

On June 1, 2017, Defendant Mann sought leave to file a motion for summary judgment to dismiss Plaintiff's Complaint with prejudice for failing to provide expert reports. The Court granted Defendant Mann's request to file dispositive motion practice on June 5, 2017.

## B. Discovery Productions

### a. Facebook Information

Defendant Mann issued a notice to produce to Plaintiff on July 11, 2016 for the production of Susan Miller's Facebook page and on July 21, 2016 for Trevor Miller's Facebook page. The Court was placed on notice of the failure to produce this discovery during the November 2, 2016 case management conference and the Plaintiff was sent a follow-up letter on November 3, 2016. Defendant Mann sought leave to file a motion to compel on November 21, 2016.

O December 14, 2016, all parties held a telephone conference pursuant to L.Civ.R.37.1(a)(1) to discuss all outstanding discovery disputes. During this call Plaintiff's counsel advised all parties that the Facebook requests had been sent to their client. A Joint Status Report was filed on December 30, 2016. Plaintiff did not contest or object to the Facebook request. Defendant Mann renewed his request to compel the requested Facebook information.

On February 15, 2017, the Court ordered that the Plaintiff provide responses to all of the Defendant's social media requests by March 10, 2017. Plaintiff once again did not object to these requests or the deadline imposed by the Court. While Plaintiff provided the requested Facebook information for Trevor Miller by the Court's deadline, Susan Miller's Facebook information was not provided until **May 11, 2017—63 days after the Court's deadline.**

Defendant Mann requested leave to file a motion to dismiss Plaintiff's Complaint with prejudice for failure to comply with the Court's Order on April 26, 2017, May 9, 2017 and May June 1, 2017. The Court granted Defendant Mann's request on June 5, 2017 and confirmed this decision via Order of June 8, 2017.

b. **Medical Authorizations and Supplemental Discovery**

On February 3, 2017, Defendant Mann sent Plaintiff a supplemental discovery request for 1) copies of all photographs and videos of Trevor Miller in Susan Miller's possession and 2) copies of all medical records and imagining studies that Susan Miller testified she had at home. On February 15, 2017, Defendant Mann sent Plaintiff a medical authorization for the release of records from Dr. Vikram Bhise, a pediatric neurologist. During the February 15, 2017 case management conference the Court ordered Plaintiff to produce "the medical authorizations and supplemental documents requested by Defendants no later than March 10, 2017." Plaintiff did not object to these requests or ask for additional time from the Court.

As Plaintiff did not provide the Court ordered discovery by March 10, 2017, Defendant Mann sought to leave to of the Court to dismiss Plaintiff's Complaint on April 26, 2017, May 9, 2017 and May June 1, 2017. The Court granted Defendant Mann's request on June 5, 2017 and confirmed this decision via Order on June 8, 2017.

# LEGAL ARGUMENT

## POINT I

**DEFENDANT CHRISTOPHER MANN, M.D. SHOULD BE GRANTED SUMMARY JUDGMENT AS PLAINTIFF HAS FAILED TO PROVIDE THE NECESSARY EXPERT REPORTS TO SUSTAIN A PRIMA FACIE OF MEDICAL NEGLIGENCE.**

### A. Standards Governing Summary Judgment Pursuant to Federal Rule of Civil Procedure 56.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Id. at 248.

The moving party bears the initial burden of demonstrating an absence of genuine issue of material fact and entitlement to judgment as a matter of law. In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim, rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 315, 91 L. Ed. 2d 265,106 S. Ct. 2548 (1986). Once the movant has met this initial burden, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The non-moving party may not simply rest upon its pleadings to satisfy its burden. Id. The non-moving party "must set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the non-movant." Id. Summary judgment is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." Celotex, 477 U.S. at

327. To successfully defend against a motion for summary judgment, a plaintiff cannot merely rely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor." <u>Anderson</u>, 477 U.S. at 252.

## B. <u>Plaintiff's Complaint Must Be Dismissed As Plaintiff Has Not Provided the Requisite Expert Opinions to Support His Claims For Negligence Against Dr. Mann.</u>

Plaintiff has not provided any expert reports to establish a prima facie case that Dr. Mann violated the standard of care, and that this violation caused the Plaintiff's claimed damages. It is well-settled law in New Jersey that a plaintiff must present expert testimony where the subject of the litigation is outside the common judgment and experience of jurors, such that the jurors cannot form a valid judgment as to whether the conduct of the defendant was reasonable. <u>Butler v. Acme Markets, Inc.</u>, 89 N.J. 270, 283 (1982); <u>Klimko v. Rose</u>, 84 N.J. 496, 502-506 (1980); <u>Black v. Public Service Elec. & Gas</u>, 56 N.J. 63, 77-79 (1970). This rule of law has evolved from the notion that a jury should not be allowed to speculate without the aide of expert testimony in an area where a lay person could not be expected to have sufficient knowledge or experience. <u>See</u> Comment to New Jersey Rule of Evidence 702(2). Without the requisite expert support, Plaintiff can not establish his prima facie case to sustain this litigation. Therefore Plaintiff's Complaint against Dr. Mann must be dismissed with prejudice.

It is the plaintiff's burden to prove by expert testimony that the care and treatment of the defendant deviated from the standards established and that such a deviation caused the Plaintiff's claimed damages to sustain a malpractice action. <u>Gardner v. Pawliw</u>, 150 N.J. 359, 375 (1997); <u>Toy v. Rickert</u>, 53 N.J. Super. 27, 31-32 (App. Div. 1958). Expert opinion testimony is required to establish the standard of care from which defendant allegedly departed and that the resulting causation. <u>See</u> <u>Schueler v. Strelinger</u>, 43 N.J. 330, 344-45 (1964). Through the expert, plaintiffs

are required to establish that defendant failed to exercise "the degree of care, knowledge and skill ordinarily possessed and exercised in similar situations by the average member of the profession practicing in his field" and that such a deviation was the cause of the claimed damage  See Germann v. Matriss, 53 N.J. 193, 208 (1970); Schueler, 43 N.J. at 344; Sanzari v. Rosenfeld, 34 N.J. 128, 134-35 (1961).  If plaintiff fails to produce expert testimony establishing an accepted standard of care, and specific deviation therefrom that caused the Plaintiff's claimed damages, it is proper for the Court to grant a dismissal.  Sanzari v. Rosenfeld, 34 N.J. at 135.  These requirements were discussed in the Appellate Division case of Rosenberg v. Tavorath, 352 N.J. Super. 385 (App. Div. 2002).  Specifically, the Appellate Division explained:

> To establish a prima facie case of negligence in a medical malpractice case, a plaintiff usually must present expert testimony to establish the relevant standard of care, the doctor's breach of that standard, and a causal connection between the breach and the plaintiff's injury.  **Absent competent proof of these three elements, the case is not sufficient for determination by the jury.**

Id. at 399 (citations omitted)(emphasis added); see also Jones v. Stess, 111 N.J. Super. 283, 287 (App. Div. 1970); Schueler, 43 N.J. at 345; Terhune v. Margaret Hague Maternity Hospital, 63 N.J. Super. 106, 111 (App. Div. 1960).

The only exception to the need for an expert on the standard of care  requirement is when "the asserted negligence consists of conduct so obviously wanting in reasonable medical skill and prudence that it may be so adjudged even by laymen."  Terhune, 63 N.J. Super at 111. However, the care and treatment required of a Board Certified OB-GYN in 1995 is well beyond the common knowledge of the average juror.  This matter is not within the common knowledge exception to satisfy standard of care requirements and further still lacks the requisite expert testimony on causation.

## POINT II

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT CHRISTOPHER MANN, M.D. MUST BE DISMISSED WITH PREJUDICE FOR FAILING TO COMPLY WITH THE COURT'S ORDER OF FEBRUARY 16, 2017 MANDATING PLAINTIFF'S PRODUCTION OF FACEBOOK INFORMATION, MEDICAL AUTHORIZATIONS AND SUPPLEMENTAL DISOVERY RESPONSES.**

### A. Standards Governing Summary Judgment Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) and 41(b).

Rule 37(d)(3) of the Federal Rules of Civil Procedure provides that if a party fails to provide discovery responses, a party may move "for any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Pursuant to Rule 37(b)(2)(A)(v), the court may dismiss an action if a party fails to "obey an order to provide or permit discovery." District courts have utilized Rule 37 to dismiss cases when the plaintiff has failed to abide by the court's order compelling discovery responses. See Agiwal v. Mid Island Mortg. Corp., 555 F3d 298 (2d Cir. 2009) (affirming the magistrate judge's recommendation of dismissal pursuant to Fed. R. Civ. P. 37 when the plaintiff failed to comply with discovery orders and failed to comply with any of the defendant's discovery requests); Seever v. Carrols Corp., 528 F. Supp. 2d 159 (S.D.N.Y. 2007) (dismissing the claims of two of the plaintiffs who failed to attend or complete their depositions, failed to respond to interrogatories, and failed to comply with discovery orders).

An action may also be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure. Rule 41(b) provides that a defendant may move to dismiss an action if the plaintiff fails to prosecute the claim or fails to comply with a court order.

### B. Plaintiff's Complaint Must Be Dismissed for Failure to Comply with the Court's February 16, 2017 Order Compelling the Production of Discovery.

The Plaintiff has not complied with the Court's clear directive to provide all requested social media information, medical authorizations and supplemental discovery

information by March 10, 2017. (See Court's February 16, 2017 Order, attached hereto as "Exhibit C"). Plaintiff also never sought an extension of time from the Court to provide the Court mandated discovery. Instead, Plaintiff chose to act on his own timetable, providing discovery well after the Court ordered deadlines. Specifically, Susan Miller's Facebook information was not provided until May 11, 2017—63 days after it was ordered to be produced. The medical authorization for the release of records from Dr. Bhise was not provided until April 28, 2017—50 days after it was ordered to be produced. Finally the offer to inspect the Plaintiff's medical records and imaging was not made until May 5, 2017—57 days after the information was ordered to be produced. The May 5, 2017 letter was also the first time that Plaintiff claimed that the photos and videos requested would be covered by the Facebook information from Susan Miller—which took another 6 days to be produced. These delays have prejudiced Defendant Mann's ability to defend this matter as each of these delays limited the amount of time that Defendant Mann would have to both obtain and review these documents, have the materials reviewed by the necessary experts and determine if further factual discovery was needed. Therefore, it is Dr. Mann's position that these violations of the court's orders stands for an additional basis by which this court should dismiss Plaintiff's claims with prejudice.

## CONCLUSION

Pursuant to Fed. R. Civ. Pro. 56, 37(b)(2)(A)(v), and 41(b) Plaintiff's Complaint against the Christopher Mann, M.D. must be dismissed in its entirety for 1) failing to produce expert reports on standard of care or causation and thus not sustaining a prima facie case of medical negligence and 2) failing to comply with the Court's Order of February 16, 2017 Mandating

discovery production of Facebook information, medical authorizations and supplemental

discovery responses.

Respectfully submitted,

*//Lynne N. Nahmani, Esquire//*
LYNNE NAHMANI, ESQUIRE
MONICA FILLMORE, ESQUIRE
NJ Atty ID #016711989
**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
15000 Midlantic Drive ◙ Suite 200
P.O. Box 5429
Mt. Laurel, NJ 08054
☎856-414-6000      ▤856-414-6077
✉ lnnahmani@mdwcg.com
Attorney for Defendant
Christopher Mann, M.D.

Dated: June 13, 2017