UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREVOR MILLER, | |
| Plaintiff, | No. 3:15-CV-07496-FLW-DEA |
| v. | |
| WARREN HOSPITAL, IPA, P.A. AND CHRISTOPHER MANN M.D., | **NOTICE OF DEFENDANT WARREN HOSPITAL, IPA, P.A.'S MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |

To: Clifford E. Haines, Esquire
Danielle Weiss, Esquire
Haines & Associates
The Widener Building, 5th Floor
1339 Chestnut Street
Philadelphia, PA 19107
*Attorneys for Plaintiff*

Lynne Nahmani, Esquire
Monica Fillmore, Esquire
Marshall Dennehey Warner Coleman & Goggin
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
*Attorneys for Co-Defendant Christopher Mann, M.D.*

**PLEASE TAKE NOTICE** that the undersigned shall move before the United States District Court for the District of New Jersey, Trenton Vicinage, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, New Jersey, on July 17, 2017, at 9:00 a.m. or as soon thereafter as counsel may be heard, for an Order granting summary judgment in favor of defendant Warren Hospital, IPA, P.A.

19172462v.1

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, Defendant Warren Hospital, IPA, P.A., will rely upon the attached Memorandum of Law and Certification of Counsel.

**PLEASE TAKE FURTHER NOTICE** that Defendant Warren Hospital, IPA, P.A. requests oral argument with respect to this motion if timely opposition is filed.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is submitted herewith.

    Respectfully submitted,

    **WHITE AND WILLIAMS LLP**
*Attorney for Defendant, Warren Hospital, IPA, P.A.*


By: _//ss// Kevin Cottone, Esq._

Dated: June 14, 2017

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREVOR MILLER, | |
| Plaintiff, | No. 3:15-CV-07496-FLW-DEA |
| v. | |
| WARREN HOSPITAL, IPA, P.A. AND CHRISTOPHER MANN M.D., | |
| Defendants. | |

## STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT WARREN HOSPITAL, IPA, P.A.'S MOTION FOR SUMMARY JUDGMENT

1. Plaintiff, Trevor Miller, commenced this medical malpractice action on June 15, 2015, by filing a Complaint in the United States ("U.S.") District Court for the Eastern District of Pennsylvania.

2. On October 9, 2015, by Order of the Honorable Joseph F. Leeson, Jr., this case was transferred to the U.S. District Court for the District of New Jersey, pursuant to the Parties' Stipulation to Transfer Venue.

3. On August 26, 2015, Plaintiff filed an Amended Complaint. See Amended Complaint, attached hereto as Exhibit A.

4. Generally, Plaintiff's Amended Complaint alleges negligence on the part of defendants, Warren Hospital and Christopher Mann, M.D., in the care and treatment of Plaintiff and Plaintiff's mother, Susan Miller, at the time of Plaintiff's birth at Warren Hospital on June 16, 1995. See id.

5. More specifically, Plaintiff contends that, despite knowing that Ms. Miller had Group B Streptococcus ("Group B Strep") and meconium in her waters, defendants negligently delivered Trevor Miller vaginally and did not treat the mother, Susan Miller, prenatally with antibiotics. See id. at ¶¶21-22.

6. Plaintiff alleges that as a result of being vaginally delivered despite Ms. Miller's Group B Strep, Plaintiff developed hydrocephalus. See id. at ¶27.

7. Plaintiff contends that for twenty (20) years, he has undergone repeated treatment for hydrocephalus and has developed cognitive and physical losses as a result of hydrocephalus. See id. at ¶28.

8. Among his causes of actions, Plaintiff Trevor Miller alleges negligence and vicarious liability against Warren Hospital. See id. at Count II and Count III.

9. Pursuant to the Court Order dated February 16, 2017, fact discovery in this matter concluded on April 15, 2017. See Revised Scheduling Order dated February 16, 2017, attached hereto as Exhibit B.

10. Additionally, the Court ordered that all affirmative expert reports were due to be produced by Plaintiff by May 30, 2017. See id.

11. During the telephone status conference held before U.S. Magistrate Judge Arpert on May 1, 2017, the Court specifically asked whether Plaintiff's counsel needed additional time to provide expert reports, and Plaintiff's counsel stated that no additional time was needed.

12. To date, Plaintiff has not produced any expert reports.

13. On June 6, 2017, Defendant Warren Hospital, IPA, P.A., sought leave of this Court to file a dispositive motion for Plaintiff's failure to produce expert reports. See letter dated June 6, 2017, attached hereto as Exhibit C.

-2-

19172462v.1

14. By Order dated June 8, 2017, the Court granted Defendant Warren Hospital, IPA, P.A.'s request to file a dispositive motion. <u>See</u> Court Order dated June 8, 2017, attached hereto as Exhibit D.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By:   <u>*//ss// Kevin Cottone, Esq.*</u>
     Kevin C. Cottone, Esquire
     NJ Identification Nos. 044261994
     1650 Market Street
     One Liberty Place, Suite 1800
     Philadelphia, PA 19103-7395
     Phone: 215.864.7108
     cottonek@whiteandwilliams.com
     ***Attorney for Defendant,***

Date: June 14, 2017      ***Warren Hospital, IPA, P.A.***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREVOR MILLER, | : |
| Plaintiff, | : No. 3:15-CV-07496-FLW-DEA |
| v. | : |
| WARREN HOSPITAL, IPA, P.A. AND CHRISTOPHER MANN M.D., | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
WARREN HOSPITAL, IPA, P.A.'S MOTION FOR SUMMARY JUDGMENT**

**On the Brief:**  Motion Date: July 17, 2017
**Kevin C. Cottone, Esquire**  Oral Argument Requested

19172462v.1

# TABLE OF CONTENTS

Table of Authorities ………………………………………………………………………………….i

I.  PRELIMINARY STATEMENT ……………………………………………………....1

II. LEGAL ARGUMENT…………………………………………...……………..…..2

    A.    Standard for Summary Judgment Pursuant to Fed.R.C.P. 56…….………...…..2

    B.    Plaintiff's Failure to Provide the Requisite Expert Opinions in Support of His Claims for Negligence and Vicarious Liability Against Defendant Warren Hospital, IPA, P.A. Requires Summary Judgment .………………………..…………...........3

III. CONCLUSION……………………………………………………………….....…6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Anderson v. Liberty Lobby, Inc.
    477 U.S. 242 (1986)………………………………………………………………..…. 3

Celotex Corp. v. Catrett
    477 U.S. 317 (1986)……………………………………………………………………….3

Estate of Chin v. St. Barnabas Medical Center
    160 N.J. 454 (1999) ……………………………………………..............………3, 4

Gardner v. Pawliw
    150 N.J. 359 (1997)…………………..………………………………….................…..4

Germann v. Matriss
    55 N.J. 193 (1970) ……………..…………………………………………….….4

Kelly v. Berlin
    300 N.J. Super 256 (App. Div. 1997) ……………………….…………………....4

Morlino v. Medical Center of Ocean County
    152 N.J. 563 (1998) ..………………………………………………………………….3, 4

Rosenberg by Rosenberg v. Cahill
    99 N.J. 318 (1985)………………….…..……………………………………...……4

Rosenberg v. Tavorath
    352 N.J. Super. 385 (App. Div. 2002)...………………………….……………………..4, 5

Sanzari v. Rosenfeld
    34 N.J. 128 (1961) ……………………..…………………………………………….4, 5

Schueler v. Strelinger
    43 N.J. 330 (1964) ……………….…………………………………………………..4

Taylor v. DeLosso
    319 N.J. Super. 174 (App. Div. 1999) ………………….………………………….4

**FEDERAL RULES OF CIVIL PROCEDURE**

F.R.C.P. 56.............................................................................................................................2

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WARREN HOSPITAL, IPA, P.A.'S MOTION FOR SUMMARY JUDGMENT**

I.   **PRELIMINARY STATEMENT**

Plaintiff, Trevor Miller, commenced this medical malpractice action on June 15, 2015, by filing a Complaint in the U.S. District Court for the Eastern District of Pennsylvania. On October 9, 2015, this case was transferred to the U.S. District Court for the District of New Jersey, pursuant to the Parties' Stipulation to Transfer Venue. On August 26, 2015, Plaintiff filed an Amended Complaint. See Amended Complaint, attached hereto as Exhibit A. Generally, Plaintiff's Amended Complaint alleges negligence on the part of defendants, Warren Hospital, IPA, P.A., and Christopher Mann, M.D., in the care and treatment of Plaintiff and Plaintiff's mother, Susan Miller, at the time of Plaintiff's birth at Warren Hospital on June 16, 1995. See id. More specifically, Plaintiff contends that, despite knowing that Ms. Miller had Group B Streptococcus ("Group B Strep") and meconium in her waters, defendants negligently delivered Trevor Miller vaginally and did not treat the mother, Susan Miller, prenatally with antibiotics. See id. at ¶¶21-22. Plaintiff alleges that as a result of being vaginally delivered despite Ms. Miller's Group B Strep, Plaintiff developed hydrocephalus. See id. at ¶27. Plaintiff contends that for twenty (20) years, he has undergone repeated treatment for hydrocephalus and has developed cognitive and physical losses as a result of hydrocephalus. See id. at ¶28.

Among his causes of actions, Plaintiff Trevor Miller alleges negligence and vicarious liability against Warren Hospital. See id. at Count II and Count III. Essentially, Plaintiff contends that Warren Hospital failed to properly diagnose and treat Susan Miller's Group B Strep at the time of Plaintiff's birth, failed to protect Plaintiff from developing Group B Strep, and failed to take prompt and adequate steps in treating Plaintiff. Plaintiff's vicarious liability claims against

Warren Hospital pertain to allegations that Warren Hospital's agents, servants, or employees (including Dr. Mann) were negligent in their care and treatment of Plaintiff and caused the alleged harm.

Pursuant to the Court Order dated February 16, 2017, fact discovery in this matter concluded on April 15, 2017. <u>See</u> Revised Scheduling Order dated February 16, 2017, attached hereto as Exhibit B. Additionally, the Court ordered that all affirmative expert reports were due to be produced by Plaintiff by May 30, 2017. <u>See</u> <u>id.</u> During the telephone status conference held before U.S. Magistrate Judge Arpert on May 1, 2017, the Court specifically asked whether Plaintiff's counsel needed additional time to provide expert reports, and Plaintiff's counsel stated that no additional time was needed.

However, to date, Plaintiff has failed to produce any expert reports. On June 6, 2017, Defendant Warren Hospital, IPA, P.A., sought leave of this Court to file a dispositive motion for Plaintiff's failure to produce expert reports. <u>See</u> letter dated June 6, 2017, attached hereto as Exhibit C. By Order dated June 8, 2017, the Court granted Defendant Warren Hospital, IPA, P.A.'s request to file a dispositive motion. <u>See</u> Court Order dated June 8, 2017, attached hereto as Exhibit D.[1]

## II. <u>LEGAL ARGUMENT</u>

### A. Standard for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56

Summary judgment is to be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] On June 13, 2017 co-defendant Christopher Mann, M.D., filed a Notice of Motion for Summary Judgment With Prejudice for Failing to Provide a Prima Facie Case Supported by Expert Reports and Motion to Dismiss Plaintiff's Complaint With Prejudice for Failing to Comply with the Court's Order of February 16, 2017 Mandating Discovery Production. Moving Defendant Warren Hospital, IPA, P.A., hereby incorporates same by reference, and joins in the requested relief.

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P 56(c). Under Rule 56, once the moving party, who does not bear the burden of proof at trial, points out the absence of a genuine issue of material fact, the burden then shifts to the non-moving party "to go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 322-23 (internal citations omitted).

Thus in ruling on a motion for summary judgment:

the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial . . . . [T]here is no issue for trial unless there is sufficient evidence favoring the non-Moving party for a jury to return a verdict for the party. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the Plaintiff is entitled to a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment thus serves to eliminate the waste of time and resources when a trial would be a "useless formality." Id.

**B. Plaintiff's Failure to Provide the Requisite Expert Opinions in Support of His Claims for Negligence and Vicarious Liability Against Defendant Warren Hospital, IPA, P.A. Requires Summary Judgment**

In medical malpractice cases, it is well established that a deviation from the accepted standard of care must be established by qualified expert testimony. Estate of Chin v. St. Barnabas Medical Center, 160 N.J. 454, 469 (1999); Morlino v. Medical Center of Ocean County, 152 N.J.

563, 578 (1998); Germann v. Matriss, 55 N.J. 193, 204-209 (1970). In Estate of Chin, the New Jersey Supreme Court noted that "the general rule in malpractice cases is that evidence of a deviation from accepted medical standards must be provided by competent and qualified physicians." Estate of Chin, 160 N.J. at 469, *citing* Schueler v. Strelinger, 43 N.J. 330, 345 (1964).

It is well settled that in medical malpractice cases, the standard of practice to which the defendant failed to adhere "must be established by expert testimony, and that a jury generally lacks the requisite special knowledge, technical training and background to be able to determine the applicable standard of care without the assistance of an expert." Rosenberg by Rosenberg v. Cahill, 99 N.J. 318, 325 (1985), *citing* Sanzari v. Rosenfeld, 34 N.J. 128, 134-35 (1961); See also Morlino v. Medical Center of Ocean County, *supra* at 579; Kelly v. Berlin, 300 N.J. Super 256, 265 (App. Div. 1997). "This is so because a jury should not be allowed to speculate, without expert testimony, in an area where laypersons have insufficient knowledge or experience." Taylor v. DeLosso, 319 N.J. Super. 174, 180 (App. Div. 1999). Notably, in the instant case, the standard of care to be provided by a hospital in furnishing obstetrical care and treatment in 1995 is well beyond the common knowledge or experience of the average juror. Therefore, this matter requires expert testimony to determine the applicable standard of care.

Furthermore, to establish a prima facie case, plaintiff must not only produce a report by a trained, experienced expert that sets forth the applicable medical standard of care and how a defendant deviated from it, but also that the alleged deviation proximately caused the plaintiff's injuries. Gardner v. Pawliw, 150 N.J. 359, 375 (1997); Schueler v. Strelinger, 43 N.J. 330, 344-345 (1964); Rosenberg v. Tavorath, 352 N.J. Super. 385, 399 (App. Div. 2002). Accordingly, it is plaintiff's responsibility to establish the essential elements of his case by way of expert

testimony. If the plaintiff fails to produce expert testimony establishing an accepted standard of care, and specific deviation therefrom that caused plaintiff's claimed damages, it is proper for the court to dismiss the case. Sanzari v. Rosenfeld, 34 N.J. at 135. As explained by the Appellate Division in Rosenberg v. Tavorath:

> To establish a prima facia case of negligence in a medical malpractice case, a plaintiff usually must present expert testimony to establish the relevant standard of care, the doctor's breach of that standard, and a causal connection between the breach and the plaintiff's injury. ***Absent competent proof of these three elements, the case is not sufficient for determination by the jury***.

Rosenberg v. Tavorath, 352 N.J. Super. 385, 399 (App. Div. 2002) (citations omitted)(emphasis added).

In the instant matter, Plaintiff has failed to produce the requisite expert testimony to demonstrate any deviation from accepted medical standards in support of his claims of negligence and vicarious liability against Warren Hospital, IPA, P.A. Plaintiff has not produced a single expert report in this matter. Plaintiff has provided no expert support referencing a deviation from the standard of care, or how the alleged deviation was a proximate cause of any injury by Defendant Warren Hospital, IPA, P.A., or by Co-Defendant Christopher Mann, M.D. As such, Plaintiff has no evidence that Warren Hospital committed any alleged act of negligence or vicarious liability with regard to Plaintiff's care and treatment.

Based on the foregoing, Plaintiff has failed to establish a prima facie claim of medical negligence and/or vicarious liability against Defendant Warren Hospital, IPA, P.A. Accordingly, summary judgment is appropriate as a matter of law.

## III. CONCLUSION

For all of the foregoing reasons, it is respectfully requested that this Court grant Defendant Warren Hospital, IPA, P.A.'s Motion for Summary Judgment.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: *//ss// Kevin Cottone, Esq.*
    Kevin C. Cottone, Esquire
    NJ Identification Nos. 044261994
    1650 Market Street
    One Liberty Place, Suite 1800
    Philadelphia, PA 19103-7395
    Phone: 215.864.7108
    cottonek@whiteandwilliams.com
    ***Attorney for Defendant,***

Date: June 14, 2017    ***Warren Hospital, IPA, P.A.***

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREVOR MILLER, | |
| Plaintiff, | No. 3:15-CV-07496-FLW-DEA |
| v. | |
| WARREN HOSPITAL, IPA, P.A. AND CHRISTOPHER MANN M.D., | |
| Defendants. | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This matter having come before the Court on the motion of Defendant Warren Hospital, IPA, P.A., through its attorneys, White and Williams LLP, and the Court having considered the pleadings filed and argument of counsel, if any, and for good cause shown, it is on this _____ day of _____, 2017, hereby:

ORDERED that Defendant Warren Hospital, IPA, P.A.'s Motion for Summary Judgment is hereby **GRANTED**; and it is

FURTHER ORDERED that Plaintiff's claims against Defendant Warren Hospital, IPA, P.A. are hereby dismissed **with prejudice**; and it is

FURTHER ORDERED that a copy of this Order will be served within seven (7) days of receipt.

_____
U.S.D.J.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREVOR MILLER, | |
| Plaintiff, | No. 3:15-CV-07496-FLW-DEA |
| v. | |
| WARREN HOSPITAL, IPA, P.A. AND CHRISTOPHER MANN M.D., | |
| Defendants. | |

### CERTIFICATION OF KEVIN C. COTTONE, ESQUIRE IN SUPPORT OF DEFENDANT WARREN HOSPITAL, IPA, P.A.'S <u>MOTION FOR SUMMARY JUDGMENT</u>

I, Kevin C. Cottone, Esquire, certify that the following statements made by me are true:

1. I am an attorney-at-law and partner with the law firm White and Williams LLP and am fully familiar with the case at hand.

2. Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Amended Complaint.

3. Attached hereto as Exhibit B is a true and correct copy of the Revised Scheduling Order dated February 16, 2017.

4. Attached hereto as Exhibit C is a true and correct copy of Defendant Warren Hospital, IPA, P.A.'s June 6, 2017 letter to the Court seeking leave to file a dispositive motion for Plaintiff's failure to produce expert reports.

5. Attached hereto as Exhibit D is the Court Order dated June 8, 2017 granting Defendant Warren Hospital, IPA, P.A.'s request to file a dispositive motion.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

19172462v.1

                              **WHITE AND WILLIAMS LLP**

                      By:   *//ss// Kevin Cottone, Esq.*_____
                              Kevin C. Cottone, Esquire
                              NJ Identification Nos. 044261994
                              1650 Market Street
                              One Liberty Place, Suite 1800
                              Philadelphia, PA 19103-7395
                              Phone: 215.864.7108
                              cottonek@whiteandwilliams.com
                              ***Attorney for Defendant,***
Date: June 14, 2017            ***Warren Hospital, IPA, P.A.***

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TREVOR MILLER,<br><br>       Plaintiff,<br><br>v.<br><br>WARREN HOSPITAL, IPA, P.A. AND CHRISTOPHER MANN M.D.,<br><br>       Defendants. | No. 3:15-CV-07496-FLW-DEA |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Defendant Warren Hospital, IPA, P.A.'s Motion for Summary Judgment was served electronically to the following:

| | |
|---|---|
| Clifford E. Haines, Esquire<br>Danielle Weiss, Esquire<br>Haines & Associates<br>The Widener Building, 5th Floor<br>1339 Chestnut Street<br>Philadelphia, PA 19107<br>***Attorneys for Plaintiff*** | Lynne Nahmani, Esquire<br>Monica Fillmore, Esquire<br>Marshall Dennehey Warner Coleman & Goggin<br>200 Lake Drive East, Suite 300<br>Cherry Hill, NJ 08002<br>***Attorneys for Co-Defendant Christopher Mann, M.D.*** |

            **WHITE AND WILLIAMS LLP**

      By: *//ss// Kevin Cottone, Esq.*
         Kevin C. Cottone, Esquire
         NJ Identification Nos. 044261994
         1650 Market Street
         One Liberty Place, Suite 1800
         Philadelphia, PA 19103-7395
         Phone: 215.864.7108
         cottonek@whiteandwilliams.com
         ***Attorney for Defendant,***
Date: June 14, 2017     ***Warren Hospital, IPA, P.A.***